## NORTHWESTERN REFINING CO. v. STATE INDUSTRIAL COM. et al.

No. 21097. Opinion Filed Sept 16, 1930.

J. E. Curran, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

HEFNER, J. August Bragard was employed by the Northwestern Refining Company, of Tonkawa, at a daily wage of $5 per day, payable semi-monthly. On July 4, 1928, he was working while standing on a ladder, and an explosion occurred in the plant and frightened him and he jumped from the ladder. He claimed an injury to his back and ankle, and that he had pains in his chest. He went to the hospital and received treatments. The bills were taken care of by his employer. The Refining Company continued to pay his full wages until January 15, 1929. A total sum of $1,767.80 had been paid to him at the time of the hearing before the Industrial Commission, in addition to $31.50 paid as hospital and doctor bills. At the hearing no claim was made that the claimant was suffering because of his ankle or because of his back. Those had been temporary matters which had passed within a short time. The claim, however, was made that he was suffering from a pain in his chest and that he was unable to work. He was 64 years of age and had long prior to the accident been suffering from hardening of the arteries.

The respondent admits that from the testimony the claimant is shown to be unable to work, but takes the position that it is not responsible for the existing condition. It claims that the heart trouble and the hardening of arteries which he had before the accident resulted in his present condition and not the accident.

It is the contention of the petitioner that the injury did not arise out of and in the course of his employment, for the following reasons:

"1. No accident occurred which affected the claimant. He was on a ladder a considerable distance from an explosion, became frightened and jumped of his own volition. His becoming frightened was due to to a previous existing nervous condition, for which this petitioner is not liable.

'2. This claimant is at the present time suffering from chronic arteriosclerosis, which is not a result of the alleged injury, but the result of the physical condition existing through a long period of time."

As to the first contention, it is doubtless true that the petitioner was of a nervous disposition, and probably caused from a diseased condition. However, while he was on the ladder in the discharge of his duty, an explosion occurred in the plant near him, from which he became frightened and jumped off of the ladder. If the explosion had not occurred, he would not have jumped. If he had been stricken by paralysis or apoplexy and had fallen off of the ladder, then of course we would have a different question. Here, however, the explosion occurred, and he, being of a nervous disposition, became frightened and jumped. We think the explosion was the cause of his jumping from the ladder, and it is not contended that he was not engaged in the course of his employment. We think, therefore, the injury is one arising out of and in the course of his employment.

It is next contended that the claimant was suffering from a chronic condition which was not a result of the alleged injury, but was the result of the physical condition existing through a long period of time.

One of the doctors who testified stated that, while the hardening of the arteries existed previous to the accident, the accident precipitated and hurried the breaking down, and that if it had not been for the accident, the claimant might have been able to carry on for several years.

The case of Farrow v. What Cheer Clay Products Co., 198 Iowa, 922, 200 N. W. 625, seems to be in point. There it was said:

"Compensation may be awarded, although there was pre-existing heart disease, if disease was aggravated or accelerated by accidental injury."

The Commission found that in the course of and arising out of his employment the claimant sustained an accidental injury, as the result of which the claimant was permanently and totally disabled from performing ordinary manual labor. Under the decisions of this court we are bound by the findings of the Commission, if there is any evidence tending to support its findings. Under the record of this case we cannot say there was no evidence supporting the finding

of the Commission, and the prayer to vacate the order of the Commission is denied.

MASON, C. J., and HUNT, CLARK, RILEY, and SWINDALL, JJ., concur.

LESTER, V. C. J., and CULLISON and ANDREWS, JJ., absent.

Note.—See under (1) anno. L. R. A. 1916A, 137; L. R. A. 1918F, 869; 19 A. L. R. 95; 28 A. L. R. 200; 60 A. L. R. 1299; 28 R. C. L. p. 816; R. C. L. Perm. Supp. 6241; R. C. L. Continuing Perm. Supp. p. 1208. (2) 30 A. L. R. 1277; 58 A. L. R. 1382; 28 R. C. L. p. 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Continuing Perm. Supp. p. 1211. See Workmen's Compensation Act, C. J. §58, p. 69, n. 46; §63, p. 73, n. 76; §127, p. 122, n. 40.