## RUSH CONSTRUCTION CO. v. WOODWARD et al.

No. 23259. Opinion Filed Sept. 13, 1932.

H. C. Thurman and Byrne Bowman, for petitioner.

Mayer & King, for respondents.

SWINDALL, J. This is a proceeding to review an award of the State Industrial Commission. At the date of the alleged accidental personal injury respondent was employed by the Rush Construction Company digging a ditch, stripping a line, and was paid 20 cents per joint for his services. While engaged in this work it rained and the employees ceased work, as stated by claimant, at "something like ten or eleven o'clock," until the afternoon. The claimant went to the camp maintained by the employees and while procuring some wood to cook his dinner received the injury complained of.

It is contended by the petitioners that the injury did not arise out of and in the course of the employment of the respondent. An injury is received "in the course of the employment," when it comes while the workman is doing the duty which he is employed to perform. An injury "arises out of the employment," when there is apparent to the rational mind, upon a consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Loffland Bros. Co. v. Velvin, 152 Okla. 83, 3 P. (2d) 855.

Under the evidence the respondent was

·only employed to perform two duties for the petitioner Rush Construction Company. One was removing pipe line at 20 cents per joint and the other was looking after the tools of the petitioner used in performing the work when employees were not engaged in removing pipe. At the time he claims he was injured he was procuring some wood to cook his dinner, which was in no way associated or connected with his duties in removing pipe line or looking after the tools. We, therefore, hold that the Commission was in error in finding that his accidental injury arose out of and in the course of his employment, there being no competent evidence to sustain the same.

The award is vacated and the cause remanded to the State Industrial Commission, with directions to dismiss the same.

CLARK, V. C. J., and HEFNER, ANDREWS, and McNEILL, JJ., concur. CULLISON and KORNEGAY, JJ., dissent.

LESTER, C. J., dissents for the reason that he is of the opinion that said action should be reversed for further proof. RILEY, J., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 40, 232; L. R. A. 1917D, 114; L. R. A. 1918F, 807: 28 R. C. L. 802; R. C. L. Perm. Supp. p. C223; R. C. L. Pocket Part, title "Workmen's Compensation," § 91.