CITY BUS CO. v. LOCKHART et al.

No. 34758.   March 27, 1951.

*229 P. 2d 586.*

F. M. Dudley and Richardson, Shartel & Cochran, Oklahoma City, for petitioner.

Schwoerke & Schwoerke, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, J. On the 28th day of March, 1950, Eugene H. Lockhart, hereinafter called claimant, filed his first notice of injury and claim for compensation, stating that while driving a bus for the petitioner, City Bus Company, he sustained an accidental in-

jury arising out of and in the course of his employment when he fell on the street, breaking his leg. An award was made by the State Industrial Commission, and this proceeding is brought to review the award.

The cause and extent of the disability are not an issue. The sole question presented is whether the injury arises out of and in the course of the employment.

Claimant testified that on March 3, 1950, he was operating a bus (No. 551) on the Shartel-Shields run in Oklahoma City. At approximately 6:05 in the morning he parked his bus in the bus zone at Fourth and Shartel on the east side of Shartel and went into a cafe across the street. His testimony continues:

"Q. Was that on your bus run? A. Yes, sir.

"Q. What did you do in the cafe? A. Well, I went in there, I really wanted to get a little water but I hated to ask them for water without spending something so I bought a cup of coffee.

"Q. Then what happened after that? A. Well, I come out there and I started across the street.

"Q. Which street? A. Across Shartel.

"Q. Going which way? A. Going east, and I slipped on something and broke my leg in three places, three different fractures.

"Q. Which leg was that? A. My right leg.

"Q. Your right leg? A. Yes, sir."

He further testified: He left his home at approximately 3 o'clock in the morning to go on duty at 4:35 a.m., and was continuously on duty until 12:10 p.m., at which time his duty for that run ceased. It is agreed that during this time there was no provision made for time off to obtain food, drink or refreshments. The testimony is undisputed that it is the custom for drivers to stop and obtain food, drink or refreshments when they can at the most opportune time, and claimant testified that drivers were not supposed to take over five minutes to obtain a cup of coffee or a drink of water.

The order granting the award, in part, is as follows:

"It is established by a fair and clear preponderance of the evidence that claimant went on duty as a bus operator for respondent during the early morning hours of March 3, 1950, and was assigned to work a continuous shift of seven hours and thirty-five minutes, ending at noon; and that no provision is made during such shift for rest stops or meal stops. With reference to same it has been the practice for years, and respondent permits short halts for such purposes at such times as the exigencies of the service permit, respondent paying straight time without deduction during these interims.

"Claimant parked his vehicle in the bus stop on the east side of Shartel Avenue at Fourth Street, heading north; walked west across Shartel and secured water and a cup of coffee in cafe second door west of the intersection. Returning to his bus, he slipped and fell after stepping on some ice or other slippery substance just inside the west curb of Shartel, falling into the southbound bus stop out into the street, sustaining the injuries complained of. The accident happened during a lull period just preceding an early-morning rush period which would have lasted approximately two or two and a half hours.

"Respondent sent a company car to take claimant to the hospital; claimant is still under the doctor's care and has not been released as able to return to work; no temporary total compensation or medical expense has been paid by respondent.

"That claimant while engaged as aforesaid was acting in conformity with a practice of long standing and did not thereby voluntarily place himself and was not shown to be in a position more dangerous than that usually occupied while driving his vehicle; and was not under the facts and circumstances of this case engaged at the time upon

an independent venture of his own such as would exempt respondent from liability under Workmen's Compensation Law.

"That under the practice and custom of such employment, said acts of claimant, being the procurement of water and food reasonably necessary to the health and comfort of employee, does not constitute cessation or (sic) work sufficient to break the continuity of employment, the employee remaining under wage while so acting; and said act being permitted by practice and in fact being for the convenience of both employer and employee was incidental to the employment and service in which claimant was then engaged.

"The Trial Commissioner therefore finds that on the 3rd day of March, 1950, the claimant was in the employ of the respondent and engaged in a hazardous occupation, subject to and covered by the Workmen's Compensation Law, and that on said date he sustained an accidental personal injury, arising out of and in the course of his employment, consisting of an injury to his right foot."

All these findings are amply sustained by the record. Of course, this court will make an independent review of the conclusion of law that the accidental injury arose out of and in the course of the employment. An injury is received in the course of the employment when it occurs while the workman is doing the duty which he is employed to perform. An injury arises out of the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the condition under which the work is to be performed and the resulting injury. Consolidated Pipe Line Co. v. Mahon, 152 Okla. 72, 3 P. 2d 844.

In an annotation to Orange Gardner v. Employers' Liability Assurance Corp., Ltd., 247 Mass. 308, 142 N.E. 32, 32 A. L. R. 804, annotation at page 806, it is stated:

" . . . Some courts have held that where the employee leaves the mas-

ter's car or vehicle to procure food or refreshments, and is injured while on such mission, the injury is compensable, since the act in which he was engaged was reasonably incidental to the performance of his work as an employee. Rainford v. Chicago City R. Co. (1919) 289 Ill. 427, 124 N. E. 643; Sztorc v. James H. Stanbury Co. (1919) 189 App. Div. 388, 179 N.Y. Supp. 586; Martin v. J. Lovibond & Sons (1914) 2 K.B. (Eng.) 227, 6 B.R.C. 466, 83 L.J.K.B.N.S. 806, 110 L.T.N.S. 455 (1914) W.N. 47 (1914) W.C. & Ins. Rep. 76, 7 B.W.C.C. 243, 5 N.C.C.A. 985-C.A. And see Nester v. H. Korn Baking Co. (1922), 194 Iowa 1270, 190 N.W. 949."

In the list of cases compiled under this annotation in the blue book there are many cases following this rule. Petitioner cites several cases which appear to announce a contrary rule. One of these cases is California Casualty Indemnity Exchange v. Industrial Accident Commission, 190 Cal. 433, 213 P. 257. That case is readily distinguishable from the case at bar. It was so done in Lockheed Aircraft Corporation v. Industrial Accident Commission, 28 Cal. 2d 756, 172 P. 2d 1, in which the Supreme Court of California reversed Lockheed Aircraft Corporation v. Industrial Accident Commission, 163 P. 2d 911, and sustained an award where an employee on the way to lunch sustained an injury when struck by a streetcar.

In Alabama Concrete Pipe Co. v. Berry, 226 Ala. 204, 146 So. 271, claimant abandoned his disabled truck and while alighting from another truck to get a drink of water was injured in so doing. The court in sustaining an award stated:

"The fact that the deceased had temporarily abandoned the disabled truck to go after a drink of water did not serve to remove him from his line of duty or course of employment. Nor, while so engaged in going after needed water, did he cease to be an employee of the defendant, nor was he out of his line of duty. For as stated by Bradbury in his Treatise on Workmen's Compensation, Vol. 1 (2d Ed.) 450:

'While the mere act of getting water is not a part of the duties of the employee, yet it is a physical necessity which must be attended to while the employee is engaged in his duties, and he is entitled to the same protection in the interval when he leaves his work to get water as when he is actually at work, and whether the water is provided by the employer or by himself, the employee has a right to pass over the ways provided by the employer, in going to and from the place where his thirst is slaked.' "

To the same effect, see annotations following Railway Express Agency, Inc., v. Lewis, 156 Va. 800, 159 S.E. 188, 76 A.L.R. 350, and annotations in 6 A.L.R., at page 1151.

In Rainford v. Chicago City R. Co., 289 Ill.. 427, 124 N.E. 643, the second paragraph of the syllabus is:

"A streetcar conductor's act in stopping his car in front of his home and going there to order his lunch to be carried to the place allowed for the regular lunch period, is an incident to his employment, and his injury by a car on another track arises out of and in the course of his employment, within Workmen's Compensation Act."

In the body of that opinion it is stated:

" . . . It cannot be doubted that it was reasonably necessary and incidental to his employment that the plaintiff should have his lunch at the time and place allowed by the defendant for that purpose, and if it was reasonably necessary and proper for him to attempt to make the arrangement he did, then, as a matter of law, the injury did arise out of and in the course of his employment, and the instruction was correct."

Petitioner cites and relies upon Southern Surety Co. v. Galloway, 89 Okla. 45, 213 P. 850, and Rush Const. Co. v. Woodward, 159 Okla. 72, 14 P. 2d 409. These cases do not announce a contrary rule. In the case at bar claimant was obliged to obtain his food or drinks during the course of his run, and the obtaining of food or refreshment was reasonably within the contemplation of the parties involved in the contract of employment. There is nothing in Southern Surety Co. v. Galloway, or in Rush Const. Co. v. Woodward, supra, which indicates that it was reasonable to contemplate that the claimants therein would have occasion to obtain the food in the manner in which it was obtained in those cases.

We are of the opinion and hold that, under the facts and circumstances of this case, the obtaining of the water and coffee was an act incident to the performance of the duties of claimant, and that the accidental injury arose out of and in the course of his employment. This is the single issue presented in this proceeding.

The award is sustained.

LUTTRELL, V.C.J., and CORN, JOHNSON, and O'NEAL, JJ., concur.