Lucille FRYE, Administratrix of the Estate of Ernest G. Hickman, Deceased, Petitioner,

v.

SECREST PIPE COATING COMPANY, Standard Insurance Company and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 38317.

Supreme Court of Oklahoma.

Dec. 23, 1958.

Hatcher & Wilson, Pauls Valley, for petitioner.

Looney, Watts, Looney & Nichols, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Justice.

On the 27th day of July, 1957, John M. and Dora Hickman, claimants, filed the

first notice of injury and claim for compensation seeking an award under the Death Benefit Provisions of the Workmen's Compensation Act, 85 O.S.1951 § 1 et seq., for dependency benefits due to the death of Ernest Hickman, hereinafter called employee. Lucille Frye, administratrix of the estate of Ernest G. Hickman, was thereafter substituted as claimant. The State Industrial Commission denied an award, and this proceeding is brought by claimant against Secrest Pipe Coating Company, employer, and its insurance carrier, Standard Insurance Company, hereinafter called respondents, to review the order denying the award.

The record discloses that on March 15, 1957, the employee was moving a heavy barrel of coating material used in connection with coating of pipes when he injured his back. He filed a claim for the back injury. On May 3, 1957, he committed suicide. Claimant introduced evidence to show that the employee was well conditioned mentally prior to the accidental injury, but due to the fact that he could not work after the accidental injury, and also due to the fact that the employer resisted his claim for compensation, and one of the foremen stated he could not be re-hired due to the fact that he had filed a claim for the back injury, employee became so despondent that he committed suicide as a result of these conditions.

The respondents introduced evidence which tended to show that the employee was of an extremely low mental ability, unable to read or write to any extent, and that the suicide had no connection with his injury.

Claimant argues that the rule applying is announced in McFarland v. Department of Labor and Industries, 188 Wash. 357, 62 P.2d 714; Gatterdam v. Department of Labor and Industries, 185 Wash. 628, 56 P.2d 693; Karlen v. Department of Labor and Industries, 41 Wash.2d 301, 249 P.2d 364, and other cases. In McFarland v. Department of Labor and Industries, supra [188 Wash. 357, 62 P.2d 716], it is stated:

"If a workman, while engaged in extrahazardous employment, sustains an injury, and the injury causes such pain and suffering as proximately results in insanity or in such mental condition as to render the workman subject to periods of delirium, and the workman during a period of such delirium takes his own life, the death may be attributed to the injury and, if so, is compensable under the Workmen's Compensation Act. * * *"

The other cases cited by claimant announce a similar rule.

We are of the opinion and hold that these cases are not applicable. If the State Industrial Commission had found from the conflicting testimony that the suicide resulted from the accidental injury and entered an award, or if the uncontroverted testimony had been to the effect that the suicide was the result of the accidental injury it would then be necessary to determine whether the rule announced in the foregoing cases would be applied by this court. But in the case under consideration there was presented to the State Industrial Commission a conflict in the testimony of the expert witnesses as to the cause of the suicide.

Dr. G testified on behalf of claimant and answered a hypothetical question which assumed as evidence the testimony favorable to the theory of claimant above related. He gave it as his opinion that the death of the employee was the result of the accidental injury.

Dr. S, a specialist in psychiatry, testified for respondents. The effect of his testimony is that there is no relation between the act of suicide and the accidental injury. He stated specifically on cross-examination that the injury and the suicide were unrelated. Two other physicians testified for respondents. One of these physicians treated the employee after the injury, and the other was the partner of the physician who had treated the employee. Although they did not reach any specific conclusion as to the cause of suicide, the purport of their testimony was to the effect that the suicide and the accidental injury were unrelated. The consultant of the physician who treated the employee was positive in his statement that the

employee was of a very low mentality at all times; that he had known him prior to and subsequent to the date of the accidental injury.

The testimony (on the issues) was in conflict. In such case it has been many times held that it is neither the province nor the duty of this court to disturb the order or award based on the findings of the State Industrial Commission. Burba v. State Industrial Commission, 195 Okl. 344, 157 P.2d 199, and Price v. Spartan Aircraft Company, Okl., 275 P.2d 705.

Whether death results from an accidental injury is a question of fact. Marby Construction Co. v. Mitchell, Okl., 288 P.2d 1108.

In Souder v. Mid-Continent Petroleum Corp., 187 Okl. 698, 105 P.2d 750, it is stated:

"The order of the State Industrial Commission in a cause properly before it, based on its finding as to the cause of the disability arising from an accidental injury, will be sustained when there is any competent evidence reasonably tending to support such finding."

There is competent evidence reasonably tending to support the finding of the State Industrial Commission.

Claimant argues that the order denying the award is vague and indefinite and cites in support of this proposition Morris v. State Industrial Commission, Okl., 268 P.2d 895, and Cummins v. State Industrial Commission, Okl., 264 P.2d 721. There was but one issue submitted to the State Industrial Commission aside from dependency. This issue was whether or not the death of the employee resulted from the accidental injury. We do not agree that the finding of the State. Industrial Commission is vague and indefinite.

Order denying the award sustained.

CORN, V. C. J., and DAVISON, HALLEY, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

WELCH, C. J. concurs in result.