■ In the Matter of the Claim of THEODORE E. LOBMAN, Respondent, v. BERNHARD ALTMANN CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its carrier from a deci-

sion and award of the Workmen's Compensation Board contending that claimant did not sustain an accidental injury within the purview of the Workmen's Compensation Law and that the disability was not causally related to his employment. Claimant, aged 47 years, with a long history of hypertension was employed by a manufacturer of ladies' sweaters and skirts. His duties as its high-salaried sales manager required extensive travel throughout a substantial part of the United States to promote the sales of his employer's merchandise in retail department stores located in various large cities. The promotional techniques employed entailed training programs for employees and key executives of such stores and the staging therein of demonstrative fashion shows at times fixed long in advance which were designed to point out by the use of models the superiority of his employer's products over competing lines. The travel schedule which he maintained was " tight " and his selling efforts highly concentrated. Bound for St. Louis, Missouri, he left New York City by plane on the morning of August 14, 1957. En route engine trouble developed which necessitated an emergency landing in Cincinnati which was attended by deployed fire fighting apparatus and caused a delay of about an hour. Claimant testified that the fears engendered by the experience itself caused him to be anxious and that the likelihood of interference with the timetable to which he was committed also emotionally upset him. On the day following his arrival in St. Louis he conducted an early morning fashion show in a department store which was attended by more than 300 persons. Immediately thereafter he enplaned for Chicago arriving there at about noon on August 15. Following a luncheon meeting in one of that city's largest stores he put on another such show for some 300 employees. A public presentation had been scheduled at this store later in the same day. Claimant spent the afternoon in preparation for this exhibition which " well over a thousand people " viewed. Upon its completion at about 8:00 P.M., claimant dined with friends, thereafter repaired to his hotel room and being " completely exhausted " retired at about 9:00 P.M. He testified that he did not rest well during the night, was " all keyed up " and " very nervous " about the following day's scheduled events which would involve the staging of two fashion shows in each of two widely separated stores in Chicago and his return to New York by plane in the evening of the same day. It appears that the productional assistance usually provided by two coemployees was not available and that on this particular trip the burden of the style showings was borne entirely by claimant. Upon arising at about 6:30 A.M., on August 16 he experienced " a splitting headache ", noted, while shaving, a weakness in his left arm and at breakfast encountered speech difficulties, an inability to swallow and an impairment of the use of his left hand. Temporary loss of consciousness ensued and his removal to a hospital followed where his condition was diagnosed as a cerebral thrombosis, with left hemiplegia and hemianopsia. He has since been disabled. Upon the above facts combined with medical opinion evidence of causality the board, in reversing the Referee, found that claimant's " work activity of August 14, 1957 and August 15, 1957 involved unusual and considerable emotional stress, anxiety and tension * * * which * * * superimposed upon underlying hypertension * * * precipitated the cerebral thrombosis " and that he sustained an accidental injury of that nature. On this record we think that its findings were supported by substantial evidence. It is settled that an injury caused by emotional stress or strain may be found to be accidental within the contemplation of the Workmen's Compensation Law. (*Matter of Pickerell* v. *Schumacher*, 242 N. Y. 577; *Matter of Klimas* v. *Trans Caribbean Airways*, 10 N Y 2d 209; *Matter of Eckhaus* v. *Adeck Stores*, 11 N Y 2d 862; *Matter of Antonini* v. *Progressive Electronics*, 15 A D 2d 842.) The sharp conflict in the

views of the medical experts as to causation arose largely from the significance to be accorded claimant's pre-existent hypertension and presented merely a question of fact within the power of the board to resolve. (*Matter of Palermo v. Gallucci & Sons, Inc.*, 5 N Y 2d 529.) The opinion evidence adduced from claimant's attending physician in answer to a comprehensive hypothetical question coupled with explanatory comment on cross-examination of his philosophy of causal relationship which the board obviously chose to accept had none of the infirmities found to have rendered unsubstantial that of medical experts in *Matter of Miller* v. *National Cabinet Co.* (8 N Y 2d 277) and other cases cited by appellants. Thus we cannot say as a matter of law that it lacked substantiality. Decision and award affirmed, with costs to the Workmen's Compensation Board. Bergan, P. J., Herlihy and Taylor, JJ., concur; Reynolds, J., dissents and votes to reverse on the ground that the claimant did not sustain an accidental injury within the purview of the Workmen's Compensation Law and the disability was not causally related to the employment.