Doreen WHITE, Petitioner,

v.

KITTY CLOVER COMPANY, St. Paul Fire & Marine Insurance Company and State Industrial Court, Respondents.

No. 41263.

Supreme Court of Oklahoma.

Dec. 28, 1965.

Berry & Berry, by Howard K. Berry, Jr., Oklahoma City, for petitioner.

Fenton, Fenton, Smith & McCaleb, Oklahoma City, Charles Nesbitt, Atty. Gen., for respondents.

DAVISON, Justice.

On August 29, 1963, Doreen White, claimant, filed a claim before the State Industrial Court for death benefits under the provisions of the Workmen's Compensation Law against Kitty Clover Company, and its insurance carrier, St. Paul Fire & Marine Insurance Company. The claimant alleges that on January 4, 1963, Davis Francis White, her husband, sustained an accidental injury while in the employment of Kitty Clover Company, which resulted in his death by suicide.

A trial judge of the State Industrial Court entered an order awarding the claimant herein and her four children death benefits in the amount of $13,500.00. Kitty Clover Company and its insurance carrier appealed the order of the trial judge to the State Industrial Court en banc where it was vacated and denied, stating there was no causal connection between the suicide and the employment.

Because this case involves a suicide victim, we deem it helpful to recite some background facts. Some of the pertinent facts in this case are that the deceased was reared by foster parents until he reached the age of about thirteen or fourteen; that he obtained an eighth grade education; that he was discharged from the military service, after serving seven months, as being incompatible; that in 1949 he married the claimant herein; that of said marriage four children were born; that after his marriage he worked mostly as a route salesman for dairy and potato chip companies; that several times he spent the money of his employers that he would collect on his route; that he attempted suicide twice by turning the gas on in the bathroom without lighting it; that in September, 1962, the claimant commenced a divorce action during which she was given custody of the children and the court ordered the deceased to pay $40.00 per week as temporary support and issued an order restraining the deceased from annoying the claimant; that in December, 1962, the court entered an order citing the deceased for contempt for failure to pay support and for failure to comply with the restraining order; that the deceased was directed to appear at the County Courthouse, Oklahoma County, Oklahoma, at 1:30 p. m. January 4, 1963, in connection with the contempt hearing; that at approximately 1:00 p. m. on January 4th, the deceased was driving his employer's truck and was involved in an accident with another vehicle at the intersection of Northeast 12th Street and Central Street, Oklahoma City, Oklahoma; that he was given a citation for failure to yield the right-of-way and for failure to have a driver's license; that after calling his attorney to tell him that he could not appear at the contempt hearing, he returned to his employer's place of business; that he went to his room around midnight of January 4, 1963, and the following morning his landlady became concerned when he did not leave for work and upon entering his room found him dead; that the police investigation revealed that the deceased had died from a self-inflicted wound in the head from a pistol, and the police found a copy of the citation for contempt in his room with writing on the bottom stating: "This is what I get for thirteen years;" that on the morning following the date of the accident, the deceased's supervisor, Carl Grier, found a note which stated: "Carl, I am sorry that it happened this. But, you will see when you check the inventory (inventory showed a shortage of $231.00). I think you are the nicest man I have ever known. I wish you all the luck in the world. I give you my car to help pay what I owe, here is all my keys. Best of luck to all. You are a great bunch of guys. (Signed) Dave. I can't go on, thanks to all.;" that another note listed customers to be called on and then the words, "Goodbye and good luck, Dave."

The claimant contends that she is entitled to the death benefits of the Workmen's Compensation Law where the deceased sustains an accidental injury within the scope and course of his employment, where the accidental injury aggravates, contributes and accelerates a pre-existing mental disorder which results in his death by suicide twelve hours after the accidental injury.

The respondents first argue that the deceased was on a mission of his own and was not acting within the course of his employment at the time of the truck accident. We find it unnecessary to decide this question due to the fact that the opinion is based on other grounds.

We first consider the effect of the accident and the contention of the claimant that the accident resulted in the suicidal death of the deceased. We do not understand the claimant to say that the accident was the sole cause resulting in the suicide but states that the facts and circumstances in this case are like those in "heart attack" cases such as found in Hefner Company v. Lantz, Okl., 393 P.2d 845, where an accidental injury arising out of and in the course of employment which lights up and

aggravates a prior condition, is compensable. The claimant contends that the deceased had a pre-existing personality disorder and the truck collision aggravated and precipitated his death by suicide and that since there was no substantial conflict in the medical evidence, the court must decide this case as a matter of law.

The medical witnesses who testified in this case were specialists in psychiatry. They both agree that the deceased was suffering from a personality disorder which is referred to as a sociopathic personality. The claimant's medical witness testified that the collision served as the "last straw" and a "triggering mechanism" for the subsequent events that eventuated in the deceased's suicide. The respondents' medical witnesses testified that the collision was a minor factor, rather than a major or causative factor, in a long chain of events which resulted in the suicide; that the collision was a contributing but not a precipitating cause. It was one of a group of accelerating factors but not *the* accelerating factor.

The claimant contends that the instant case brings to issue the question raised in Frye v. Secrest Pipe Company, Okl., 333 P.2d 559. In that case the claimant received an injury to his back and later committed suicide because he could not work after the injury, and also due to the fact that the employer resisted his claim for compensation, and one of the foremen stated he could not be rehired due to the fact he has filed a claim for the back injury. There was conflicting medical evidence as to whether the suicide was the result of the accidental injury. In sustaining the order denying the award, this court held that a finding of the State Industrial Court would not be disturbed where there was competent evidence to sustain such finding.

The facts in the Frye case, supra, was a stronger case for the allowance of a recovery for the claimant than in the present case, for in that case the deceased had sustained an accidental physical injury prior to the suicidal act. In the instant case,

though the deceased was involved in the accident (collision), the claimant does not contend that the deceased sustained any accidental physical injury, but that the accident brought to light other distressing facts, when coupled with a pre-existing mental disorder, caused him to commit suicide. The basic question in this case is: Did the effect of the collision on deceased's mind constitute an injury under the Workmen's Compensation Law?

Claimant cites Wade Lehar Construction Company v. Howell, Okl., 376 P.2d 221; O. M. Bilharz Mining Co. v. Arric, 155 Okl. 223, 8 P.2d 721; Rialto Lead & Zinc Co. v. State Industrial Commission, 112 Okl. 101, 240 P. 96, 44 A.L.R. 494; and Northwestern Refining Company v. State Industrial Commission, 145 Okl. 72, 291 P. 533. These cases are all distinguishable on the facts. In those cases, the employee suffered a physical injury which aggravated a pre-existing mental disorder, or a physical injury caused the mental disorder, or the mental disorder caused the physical injury, which arose out of and in the course of employment.

 In order for the claimant to be entitled to compensation, it must be shown that the deceased suffered an accidental personal injury. The words accident and injury have particular and different meanings. See Andrews Mining & Milling Company v. Atkinson, 192 Okl. 322, 135 P.2d 960. In the instant case there is ample evidence of an accident (truck collision), but there is no evidence of any injury which caused the suicide. Neither of the medical witnesses describe the effect of the accident on the deceased's mind as being an injury. They describe the accident variously as "a triggering mechanism," "contributing factor," "minor factor," "an event in a long chain of events," "a strain on his personality," "sudden unexpected event," and "one of a group of accelerating factors." There is a complete void in the medical evidence of any injury the deceased received from the collision. The claimant argues that since the deceased had

a pre-existing mental disorder, suicide was a natural consequence of the accident, quoting from Keeling v. State Industrial Court, Okl., 389 P.2d 487, wherein we said:

"In this jurisdiction it 'seems settled that where a mental disorder is the natural consequence of an accident which is compensable under the Workmen's Compensation Act, the claimant should be compensated."

Clearly the Keeling case, supra, does not help the claimant because in that case there was a physical injury involved. There is no injury shown by medical testimony involved in the instant case.

■ Where an order of the State Industrial Court makes a material finding on a question of fact which is supported by competent evidence, it will not be disturbed on appeal. Keeling v. State Industrial Court, supra.

We are of the opinion that the finding and order of the State Industrial Court en banc, that there was no causal connection between the suicidal death and the employment, is supported by competent evidence.

The order of the State Industrial Court denying the claim is sustained.