**BILL GOVER FORD COMPANY and Hardware Mutual Casualty Company, Petitioners,**

v.

**Alma V. RONIGER and the State Industrial Court, Respondents.**

No. 41869.

Supreme Court of Oklahoma.

March 7, 1967.

Rehearing Denied April 18, 1967.

Ben A. Goff, Oklahoma City, for petitioners.

Marx Childers, E. W. Keller, Oklahoma City, for respondents.

DAVISON, Justice.

This is an original proceeding to review an award of the State Industrial Court in favor of Alma V. Roniger, claimant, against her employer, Bill Gover Ford Company, and its insurance carrier.

Petitioners' sole contention on appeal is that the evidence before the trial court was insufficient to sustain the award and that the award is based on inconsistent and contradictory evidence.

It was stipulated by the parties that on the date of the accident claimant was employed by respondent Bill Gover Ford Company as credit manager and accountant at its automobile agency in Clinton, Oklahoma; that claimant's wages were included in premiums paid by the employer to its insurance carrier and claimant's wages were sufficient to entitle her to the maximum benefits provided in the Workmen's Compensation Act.

Epitomized the evidence submitted at the trial is as follows:

Claimant testified that she had been working for the respondent for more than six years prior to November 24, 1964, her duties consisting of general clerical work; that for a period of three years and up to approximately two weeks prior to November 24, 1964, the date of the alleged accident, Mrs. Gover, the wife of Bill Gover, worked in the office about six hours each day and did the daily posting of the accounts; that after Mrs. Gover left she (the claimant) was required to do all the work previously done by Mrs. Gover and at the end of each day's work felt tired; that the additional work was a "strain, a different strain" than she had previously experienced; that on the date of the accident she was running statements through the Thermofax machine

which was work other than her regular duties and work which must be done during the last few days of each month; that "a sharp pain in my chest hit me and I had to drop the statement and stooped over to pick it up and when I straightened out, why this sharp pain hit me in the chest, it was a terrific pain;" that she was immediately removed to the hospital where she was given oxygen and a shot of demerol; that several electro-cardiograms were made of her heart and her difficulty was diagnosed as a heart attack; that she remained in the hospital for 10 days and did not return to work until February 1, 1965; that upon returning to work she could work only about three and one-half hours per day and has continued such part time work at least to the date of hearing on September 21, 1965; that she is unable to do as much work as she did prior to the occurrence; that she tires easily and experiences periodic pains in her chest; that she carries nitroglycerin tablets with her and places one under her tongue when tired or when she has pains in her chest; that prior to the accident she had had no heart trouble.

A fellow employee confirmed testimony of the claimant regarding the occurrence of the accident and the heavy work claimant was doing.

The attending physician in his Form 4 report found claimant's disability to be a "Myocardial insufficiency due to angina pectoris."

Dr. P testified as a medical expert for the claimant that as a result of the occurrence on November 24, 1964, claimant sustained "a sub-endocardial myocardial infarction in the inferoseptal area of the heart" and has a permanent partial disability of 30%. He further testified that the "stress and strain" claimant was under was the "precipitating factor" causing the heart attack. He described the stress and strain as being both mental and physical. In this regard he testified: "I think it's a combination of mental and physical. When anyone is rushing about and dealing with a lot of figures and books and papers and an-

swering the telephone and dealing with customers, there's quite a bit of physical strain to it as well as mental and nervous strain."

Dr. D filed reports of two examinations made of the claimant at the request of the respondent. He found that claimant sustained some heart disability on November 24, 1964, which he diagnosed as a "coronary insufficiency" but not a "coronary thrombosis or myocardial infarction." He states that claimant "is not able to work even half time"—has a permanent disability of 20% but finds that her disability was "not caused by any work she (claimant) was doing, or any nervous or mental strain that she says is associated with her work."

The trial court awarded the claimant temporary partial disability from the date of the accident to February 1, 1965, and permanent partial disability of 30 per cent to the body as a whole.

 This court is definitely committed to the rule that where a disability attributable to a heart condition is caused or precipated by an antecedent strain or exertion which occurred while the employee was doing his work in the usual and customary manner as an employee coming within the provisions of the Workmen's Compensation Act such disability is compensable although nothing unusual occurred to cause the strain or exertion. H. J. Jeffries Truck Line v. Grisham, Okl., 397 P.2d 637; Safeway Stores, Inc. v. Evans, Okl., 376 P.2d 336; Farmers Cooperative Association v. Madden, Okl., 356 P.2d 741; Young v. Neely, Okl., 353 P.2d 111; Merrill v. State Industrial Commission, Okl., 290 P.2d 1095.

 The heart disability need not be attributable to one strain or exertion but may arise progressively from the cumulative effect of a series of strains and exertions. H. J. Jeffries Truck Line v. Grisham, supra; Farmers Cooperative Association v. Madden, supra; and Merrill v. State Industrial Commission, supra.

In H. J. Jeffries Truck Line v. Grisham, supra, a truck driver, over a period of about a week engaged in various activities requir-

704

ing unusual exertion. At the culmination of these activities he sustained a heart attack. His doctor testified that there can be little doubt that claimant's coronary attack was precipitated by prolonged working periods, stress of long travel and lack of adequate sleep but it would be awfully hard to isolate any single effort or strained activity as being the critical "stressful phenomenon." We upheld and sustained the award of the State Industrial Court finding that such employment activities as shown was sufficient in degree to and did, in fact, produce the strain which culminated in coronary occlusion. We held the award was based on competent evidence reasonably tending to support it.

There are cases from other jurisdictions holding a disability to the heart caused by nervous, emotional stress, strain or anxiety is compensable under the Workman's Compensation Act.

In Monahan v. Seeds and Durham, 134 Pa.Super. 469, 3 A.2d 998, the facts are quite similar to those presented here. The claimant in the case cited was employed as a timekeeper and as a part of his duties was required to report payroll figures to Washington within five days before the end of each month. A mistake had occurred in the payroll figures and claimant had been working long hours each day for a period of a week attempting to locate the mistake. On the day the disability occurred he had worked almost all day and all night. He finally located the mistake at 6 o'clock in the morning and collapsed at his desk. The cause of his death was diagnosed by the doctor as a "cerebral hemorrhage" brought about by over exertion. The Pennsylvania court held the claim compensable.

In Fink v. City of Paterson, 44 N.J. Super. 129, 129 A.2d 746, the deceased, a business executive, sustained a heart attack while undergoing a period of extreme anxiety, apprehension, tension and emotion. The court held the death claim compensable, stating the rule as follows:

"Where a workman's heart failure is caused or precipitated by an unusual strain or exertion beyond the mere employment itself, sustained while in the course of his employment, there is a compensable accident, and the strain need not be physical or laborious in character but may consist of 'unusual emotional or nervous strain or anxiety.' "

In Lobman v. Bernhard Altmann Corporation, 19 A.D.2d 931, 244 N.Y.S.2d 425, a sales manager had for several days undergone a period of emotional stress and strain. He sustained a heart attack resulting in total and permanent disability. The New York Court held the claim compensable. A portion of the opinion reads:

" * * * It is settled that an injury caused by emotional stress or strain may be found to be accidental within the contemplation of the Workmen's Compensation law. * * *"

Petitioners direct our attention to the case of Ada Coca-Cola Bottling Company v. Snead, Okl., 364 P.2d 696, and stress its application to the present one. In the Snead case the claimant contended that he sustained an industrial accident on January 7, 1957. His compensation claim was denied. Ada Coca-Cola Bottling Co. v. State Industrial Commission, Okl., 341 P.2d 568. Three years later he sustained a heart attack allegedly brought about by his worrying over being unable to work and provide for his family. This court denied the heart claim holding that no causal connection was shown between the heart attack and his employment. The distinction between the two cases is apparent. The case is not in point here.

In the present case the claimant had been for a period of approximately two weeks prior to sustaining a heart attack required to perform new and additional duties. As she completed each day's work she was "tired." On the day the attack occurred claimant was performing tasks she had never performed before consisting of the preparation of statements to be mailed to the customers before the first of the month. Before being required to perform these additional duties claimant had been

in good health. She testified that the performance of these additional duties caused her to sustain "a strain, a different strain." The strain she sustained was both physical and mental. Her doctor so testified.

 The award of the State Industrial Court is sustained by sufficient competent evidence both lay and medical. It correctly interprets the law. It will not be disturbed by this court on appeal. Hefner Co. v. Lantz, Okl., 393 P.2d 845; B & W Truck Service v. Cline, Okl., 368 P.2d 499; Farmers Cooperative Association v. Madden, Okl., 356 P.2d 741; Young v. Keely, Okl., 353 P.2d 111.

Order sustained.

JACKSON, C. J., IRWIN, V. C. J. and WILLIAMS, BLACKBIRD, BERRY, LAVENDER and McINERNEY, JJ., concur.