**Virgil C. JACKSON, Petitioner,**

v.

**Thomas P. DUDLEY, State Insurance Fund and the State Industrial Court, Respondents.**

**No. 43288.**

Supreme Court of Oklahoma.

Nov. 25, 1969.

Marx Childers, Oklahoma City, for petitioner.

Sam Hill, Fred Nicholas, Jr., Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

HODGES, Justice.

There is involved here an original proceedings to review an order of the State Industrial Court denying the petitioner, Virgil C. Jackson, claimant below, compensation benefits under the provisions of the Oklahoma Workmen's Compensation Act.

Parties will be referred to as they appeared before the State Industrial Court. Respondent, Thomas P. Dudley, is the owner and operator of the Oxford Hotel, Enid, Oklahoma. At the time of his alleged injury claimant was employed and working for the respondent as bell captain at the Oxford Hotel. It was stipulated that the State Insurance Fund carried a policy of workmen's compensation insurance covering the Oxford Hotel and its employees. Claimant was included within the coverage of the policy.

The State Industrial Court denied the claim of the claimant for compensation holding that the accidental injury sustained by the claimant "did not arise out of and in the course of his employment with the respondent, Thomas P. Dudley; and the assault on claimant on said date was personal in nature."

Claimant contends that the order of the State Industrial Court is not sustained by the evidence and is contrary to the evidence.

The evidence is undisputed. As a part of his duties as bell captain claimant was to investigate any disturbance occurring at the hotel and report the disturbance to Dudley the owner of the hotel, if he could not settle it himself.

In addition to his duties as bell captain claimant carried on at the hotel several projects of his own. He made arrangements with women to work as prostitutes at the hotel and shared in the earnings of these women. Claimant and other bellboys procured dates for these women. Claimant also operated the liquor business in the hotel and sold liquor to the prostitutes and other parties in the hotel. In the conduct of his operations claimant rented rooms 601 and 603 at the hotel. Room 601 was used by one of the women referred to and claimant equipped room 603 with air-conditioning and a television. Room 603 was described as the "trick" room and the place where the women entertained their customers. The woman occupying room 601 paid the claimant room rent and claimant paid the rental to the hotel.

On the date of the alleged accident claimant reported to commence work at the hotel about 7:15 P.M. One of the bellboys told him that he had better "check 601 because she was out of order."

Claimant went to room 601 and found a woman who was working for him in an intoxicated condition. Claimant told her that she was intoxicated and "was in no shape to send anybody up." Claimant attempted to sober the woman up. He secured some buttermilk. The woman after taking a few drinks of the buttermilk said she could not drink any more because of her stomach. She wanted claimant to secure some more whiskey for her which claimant declined to do. He told the woman to get some sleep and he would return and see her about 10 or 11 o'clock.

Claimant started to leave the room. As he opened the door the woman secured a gun she had in her possession and shot him twice. Claimant sustained serious injuries as the result of the gunshot wounds.

An analysis of the evidence convinces us that at the time of sustaining injuries claimant was performing no duties in connection with his work as bell captain. There is no evidence of a disturbance interfering in any way with safety or comfort of guests of the hotel. It may be logically deducted from the evidence that at the time of the accident claimant was attempting to sober up one of the girls working for him so she could continue to ply her trade and earn money for both the claimant and herself.

The interpretation of the evidence was for the trier of the facts. The interpretation of the facts by the State Industrial Court is sustained by the evidence and will not be disturbed by this court on appeal. Trout v. Gandy, Okl., 424 P.2d 52; State Highway Department v. Rhine, Okl., 411 P.2d 548; White v. Kitty Clover Company, Okl., 409 P.2d 637.

Order of the State Industrial Court denying claim sustained.

All Justices concur.