**LIEBMANN ARCTIC ICE COMPANY and Argonaut-Southwest Insurance Company, Petitioners,**

v.

**John T. HENDERSON and State Industrial Court, Respondents.**

No. 43821.

Supreme Court of Oklahoma.

March 23, 1971.

Rehearing Denied July 27, 1971.

E. W Keller, Oklahoma City, for petitioners.

Truman B. Simpson, Shawnee, for respondents.

JACKSON, Justice.

This is an original proceeding brought by employer and insurance carrier for the review of an order of the State Industrial Court awarding claimant compensation for disability resulting from a stroke of paralysis.

The question presented is whether the particular incident described by claimant's medical witness as "emotional or psychic trauma", in which the direct and producing cause was claimant's own anger with no external physical force of any kind involved, is an accidental personal injury arising out of and in the course of claimant's employment within the meaning of our Workmen's Compensation Law. For reasons set out below, we hold that it is not.

In view of this conclusion, a detailed summary of the evidence is not required. Although it was in conflict on several material points, we find no conflict in the evidence on the question of whether claimant's injury arose out of and in the course of his employment, and that question in this case is therefore one of law. Rush Construction Co. v. Woodward, 159 Okl. 72, 14 P.2d 409. In the abbreviated summary of the evidence which follows, all conflicts in the evidence are resolved in claimant's favor.

The evidence upon which the award was made was as follows: (1) claimant, with a history of headaches, high blood pressure and a high temper, was "pre-disposed" to a stroke; (2) as manager of his employer's ice dock, it was a part of his duty to see that an off-the-street driveway and park-

ing area, which was used by the ice business in common with two other business establishments, was not so used as to block access to the dock-side; (3) on the day of the stroke, the driver of a wrecker parked his vehicle across the driveway and parking area behind a cafe, and opposite the ice dock; (4) claimant approached him and said "Move the wrecker, it's in the way"; (5) when the driver ignored his request and went into the cafe without making a reply, claimant became angry; (6) this anger was the "exciting and inciting" cause of the stroke claimant suffered a short while later, and which disabled him. From the testimony of claimant's medical witness, it is clear that the onset of the stroke was attributed solely to the claimant's anger, and not to any external physical force or exertion involved in the events above summarized.

Our statutes provide for compensation for disability resulting from injuries sustained by employees in hazardous employments. 85 O.S.1961, Sec. 2. Under 85 O.S.1961, Sec. 3(7), "injury or personal injury" means only accidental injuries arising out of and in the course of the employment. Under 85 O.S.1961, Sec. 11, the element of fault as a cause of the injury is removed. Proximate cause, a necessary link in the chain of proof in any ordinary negligence action, has its counterpart in workmen's compensation law, with the element of the master's fault or dereliction removed, in the considerably less-stringent requirement that the accidental injury shall arise "out of and in the course of" the employment.

Under these sections this court has given a broad and liberal construction to the phrase "accidental personal injury", however, no case is cited and we have found none in which anger was the producing cause of "emotional or psychic trauma" as in this case.

Employer invites attention to Ada Coca-Cola Bottling Co. v. Snead, Okl., 364 P.2d 696; Kinser v. Western Sands, Inc., Okl., 454 P.2d 305; Loague, In re, Okl., 450 P.2d 492, and White v. Kitty Clover Company, Okl., 409 P.2d 637, for the proposition that claimant's "hot temper" was not incidental to his employment and claim for compensation from disability due to a stroke brought on by "hot temper." We agree with claimant that these cases are not precisely in point.

Claimant's counter-proposition is that it was not claimant's hot temper that induced the injury which he suffered, but rather the psychic trauma to which he was subjected while trying to perform his duties. No cases are cited in support of this counter-proposition.

In Dalton Barnard Hdwe. Co. v. Gates, 203 Okl. 268, 220 P.2d 249, a female employee was verbally assaulted by her employer. High blood pressure precipitated by the verbal assault caused her to faint and fall, resulting in an injury to her back. We held that this was an accidental injury and arose out of and in the course of her employment.

In Northwestern Refining Co. v. State Industrial Commission, 145 Okl. 72, 291 P. 533, claimant jumped from a ladder when he was frightened by an explosion occurring in the refinery. We concluded that the explosion caused him to jump and that his injury arose out of and in the course of his employment. Other cases based upon sudden shock or fright are annotated in 109 A.L.R. 892.

In the instant case claimant was performing a routine duty. It was not unusual for vehicles to park in rear of the two other business establishments. Claimant's anger was not due to any assault, either physical or verbal. He was not threatened, and was not in fear of any apparent danger.

The general rule which we have followed is:

"An injury does not arise out of the employment within the meaning of the Workmen's Compensation Law of this state, unless it results from a risk reasonably incident to the employment, and unless there is apparent to the rational mind, upon a consideration of all the cir-

cumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury." Novak v. McAlister, Okl., 301 P.2d 234; Norton v. E. A. Cowen Const. Co., Okl., 391 P.2d 785.

■ The phrases "arising out of the employment" and "arising in the course of the employment" are not synonymous; the former refers to origin and cause, and the latter refers to time, place and circumstances. Nineteenth Seed Co. v. Townsend, Okl., 394 P.2d 531. As a practical matter, it may be said that in the vast majority of cases, if the injury arises out of the employment, it also arises in the course of the employment, but the opposite is not necessarily true. With regard to "arising out of the employment", the quoted rule makes two requirements: (1) that the injury result from a risk reasonably incident to the employment; and (2) that "a causal connection" between the employment and the injury be shown.

It is readily apparent that sophisticated reasoning can demonstrate an abstractly logical "causal connection" between two conditions or factors bearing almost any other kind of connection with each other. The truth is well illustrated by the following remark of claimant's medical witness while discussing this subject: "Listen, I'm sure there's a relationship between Jake's *being born* and this thing" (emphasis supplied). This is the reason for the additional requirement that the injury result from a risk reasonably incident to the employment.

We hold that, under the undisputed facts as disclosed by the record before us, the risk that claimant, while performing a routine task in a routine way, might become so angry as to precipitate an increase in blood pressure which would produce the rupture of a blood vessel in the brain and a stroke of paralysis, which is attributed by medical experts solely to claimant's own anger and not to any physical effort, exertion or external force, is not a risk reasonably incident to claimant's employment within the meaning of the Workmen's Compensation Law. His disability therefore did not arise out of his employment. Novak v. McAlister, Okl., 301 P.2d 234.

The award is vacated.

BERRY, C. J., DAVISON, V. C. J., and IRWIN and McINERNEY, JJ., concur.

WILLIAMS, BLACKBIRD, HODGES and LAVENDER, JJ., dissent.

HODGES, Justice (dissenting).

I do not believe that an exertion or external force of a physical nature is necessary before an injury can be compensable. Our Workman's Compensation statutes makes no distinction between an injury resulting from a physical effort and an injury resulting from a *mental* effort. See, In Re Loague, Okl., 450 P.2d 492 (1969) and Bill Gover Ford Co. v. Roniger, Okl., 426 P.2d 701 (1967). While the claimant in the Gover case sustained a heart attack as a result of a strain that was both physical and mental, the court did cite and quote with approval from the cases of Fink v. City of Paterson, 44 N.J.Super. 129, 129 A.2d 746 and Lobman v. Bernhard Altmann Corp., 19 A.D.2d 931, 244 N.Y.S.2d 425. The Fink case held:

"Where a workman's heart failure is caused or precipitated by an unusual strain or exertion beyond the mere employment itself, sustained while in the course of his employment, there is a compensable accident, and the strain need not be physical or laborious in character but may consist of 'unusual emotional or nevrous strain or anxiety.'"

From the Lobman case we quoted as follows:

"* * * It is settled that an injury caused by emotional stress or strain may be found to be accidental within the contemplation of the Workman's Compensation law. * * *"

I respectfully dissent.

I am authorized to state that BLACKBIRD, WILLIAMS and LAVENDER, JJ., concur in the views herein expressed.