2012 OK 50

**YZER, INC., and/or Funnel Design Group and Sentinel Insurance Co., Ltd., Petitioners,**

v.

**Barton J. RODR and The Workers' Compensation Court, Respondents.**

No. 109150.

Supreme Court of Oklahoma.

June 5, 2012.

Leah P. Keele, Lori R. Whitworth, Brian J. Goree, Ambar I. Malik, Latham Wagner Steele & Lehman, P.C., Tulsa, Oklahoma, for the Petitioners.

Terry Gust, Midwest City, Oklahoma, for the Respondents.

EDMONDSON, J.

¶1 The claimant, Barton J. Rodr, was a full-time computer programmer employed by Yzer, Inc. and/or Funnel Design Group. He suffered a heart attack while doing lawn work for his employer on the employer's premises Saturday, July 18, 2009. He was not paid anything additional for the lawn work. The claimant sought workers' compensation benefits, which were denied by the employer. The employer denied that Rodr was working as an employee at the time of injury and claimed that the injury was not incurred during the course and scope of his employment. Employer asserted that the claimant was acting as a volunteer when injured.

¶2 The workers' compensation court awarded benefits, determining that claimant was not acting as a volunteer and that he sustained an accidental injury to the heart (myocardial infarction) arising out of and in the course of his employment. The three-judge panel unanimously affirmed. The employer appealed, asserting that the claimant did not meet the statutory definition of an employee under the workers' compensation act and that the accidental injury did not occur in the course and scope of employment.[1] The Court of Civil Appeals vacated the order, finding it to be against the clear weight of the evidence and contrary to law because claimant's performance of lawn work at the time of his injury was outside his employment and was not related to or incidental to his computer programmer job, and was therefore not compensable.[2]

## STANDARD OF REVIEW

¶3 In workers' compensation cases we are not bound by the lower court's determination of jurisdictional facts.[3] Whether a claimant is acting as an employee at the time of injury is a jurisdictional fact and the Supreme Court will review the record to make an independent finding on that issue. *Mahan v. NTC of America*, 1992 OK 8 ¶5, 832 P.2d 805. The workers' compensation court is without jurisdiction to make an award for an injury that did not arise out of and in the course of employment. *Chicago Pneumatic Tool Co. v. McGrew*, 1936 OK 805, 178 Okla. 439, 63 P.2d 749, 750. On original proceedings to review a compensation award, this Court will make an independent review of the conclusion of law that the accidental injury arose out of and in the course of employment. *City Bus Co. v. Lockhart*, 1951 OK 86, 204 Okla. 314, 229 P.2d 586.

¶4 The statutory definition of employee at the time of claimant's injury was

---

1. The employer's petition in error raised three issues:

    1. The court erred in finding Claimant was acting as an employee at the time of his alleged injury rather than a volunteer.
    2. The court erred in finding Claimant's employment was the major cause of injury to the heart (myocardial infarction).
    3. The court erred in awarding Claimant temporary total disability benefits and medical treatment since his injury did not occur within the course and scope of employment.

2. The Court of Civil Appeals applied the standard of review set forth in 85 O.S.2011 § 340, which went into effect on August 26, 2011. Because we determine that the *de novo* standard of review applies, we need not determine whether or not the new standard of review applies to injuries occurring prior to the effective date of the statute. See, *Dunlap v. Multiple Injury Trust Fund*, 2011 OK 14, 249 P.3d 951 (holding that the 2010 amendment of § 3.6(C), effective November 1, 2010, applied prospectively to claims for injuries that occur after the effective date of the amendment.)

3. In workers' compensation jurisprudence, jurisdiction is used in two different contexts. More often it refers to a jurisdictional issue, such as that which is tendered when the claimant's status *qua* respondent's employee is in contest. Once an issue is identified as jurisdictional it calls for a *de novo* review. *Stidham v. Special Indemnity Fund*, 2000 OK 33 ¶10, 10 P.3d 880.

found at 85 O.S. Supp.2005 § 3(9). It provided, in pertinent part, that:

> ... "employee" shall not include *any other person* providing or performing voluntary service who receives no wages for the services other than meals, drug or alcohol rehabilitative therapy, transportation, lodging or reimbursement for incidental expenses.[4] (emphasis added)

This statutory definition of "volunteer" does not apply to the case at bar because the claimant was not "any other person" performing voluntary service without pay. The claimant was a salaried employee at the time of his injury and was working at his employer's behest, on the employer's premises. The employer admits that the claimant was employed as a computer programmer at the time of the injury. The employer asked for help with the yard work at the office and the employee volunteered to help. That Rodr "volunteered" to help his employer does not mean that he became a "volunteer" as defined in the workers' compensation act.

¶ 5 A compensable work-related injury must both arise out of and occur in the course of the worker's employment. *Lanman v. Okla. Co. Sheriff's Office*, 1998 OK 37 ¶ 8, 958 P.2d 795. A claimant has the burden of establishing both. "Arising out of employment" contemplates a causal relationship between the act engaged in at the time injury occurs and the requirements of employment. It requires a determination whether the injury for which compensation is sought has the requisite connection to the job. "In the course of employment" relates to the time, place or circumstances under which the injury is sustained. It tests whether at the critical moment, the claimant was on a mission for the employer. An employee is deemed to have deviated from the course of employment when he or she embarks on a purely personal errand or is beyond the assigned perimeter of the claimant's mission for the employer.

¶ 6 The workers' compensation court correctly found that the jurisdictional prerequisite of an employee/employer relationship existed at the time of claimant's accidental injury. It has long been settled in Oklahoma that an employee does not cease to be in the course of his employment merely because he is not actually engaged in doing some specifically prescribed task if, in the course of his employment, he does some act which he deems necessary for the benefit or interest of his employer. *Associated Employer's Reciprocal v. State Industrial Comm'n*, 1921 OK 281, 82 Okla. 229, 200 P. 174, syllabus 2. When an employee is engaging in a special task that deviates from his normally assigned duties, he is not necessarily disqualified from receiving workers' compensation benefits. See *Harris v. La Quinta*, 1997 OK 50, 937 P.2d 89 (discussing special-task exception to noncompensability). Whether a claimant's injury arises out of and in the course of the employment is, like the rest of the Workers' Compensation Act, to be liberally construed in favor of the employee. *Wal–Mart Stores, Inc. v. Switch*, 1994 OK 59 ¶ 5, 878 P.2d 357, 359.

¶ 7 The test is whether the work is necessary for the benefit or interest of the employer. Here, the employer specifically asked for volunteers to help with the yard work to make the grounds look nice for the grand reopening of Automobile Alley. The claimant and his thirteen-year-old son performed those duties. The employer then hired claimant's thirteen-year-old son to continue the yard work. The claimant drove his son to the office on two more Saturdays and helped him with the yard work. The claimant received no additional pay for the yard work; his son was paid $40.00 for the work. After helping his son with the yard work on the third occasion, claimant was reloading the mower and equipment when he sustained a myocardial infarction. The employer's yard crew had quit and the claimant was performing that task to help out the employer, at the employer's request. The yard

**4.** This statute was repealed by Laws 2011, ch. 318 § 40, eff. August 26, 2011. The volunteer language is now found in 85 O.S.2011 § 311(8). Title 85 O.S.2011 § 308(17) defines employee, in pertinent part, as any person engaged in the employment of an employer covered by the terms of the Workers' Compensation Code except for such persons as may be excluded elsewhere in the act.

work was for the benefit of the employer and was not in furtherance of a personal mission. The facts reflect that the claimant was performing a special task for his employer and that his accidental injury arose out of and was within the course of his employment.

¶ 8 Finally, we turn to employer's assertion, not addressed by the Court of Civil Appeals, regarding preexisting conditions and that the exertion necessary to produce the harm was not extraordinary and unusual. A heart-related or vascular injury is compensable if it is demonstrated that the exertion necessary to produce the harm was extraordinary and unusual in comparison to other occupations and that the occupation was the major cause of the harm. 85 O.S. Supp.2005 § 3(13)(b). Employer argued that the claimant had preexisting conditions that were, rather than his employment, the major cause of his heart attack. The employer pointed to the employee's family history, his weight, medical history and that he was a smoker. An employer takes a worker as it finds him or her, and even where one is prone to a particular injury it is compensable if it is not idiopathic. *Pauls Valley Travel Center v. Boucher*, 2005 OK 30 ¶ 14, 112 P.3d 1175, 1182. The trial judge determined that claimant suffered a heart-related injury, the major cause of which was his employment wherein the claimant was engaged in extraordinary and unusual exertion compared to other employment. We agree with the trial judge that the yard work being done by claimant was extraordinary and unusual exertion when compared to his job as a computer programmer and that the major cause of injury was his employment.

¶ 9 For these reasons, we vacate the opinion of the Court of Civil Appeals and sustain the award entered by the workers' compensation court.

**CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; AWARD SUSTAINED.**

¶ 10 ALL JUSTICES CONCUR.