Newton Robert CASE, Petitioner,

v.

MACK TRUCKS, Aetna Casualty &
Surety Co. and The Workers'
Compensation Court, Respondents.

No. 70420.

Court of Appeals of Oklahoma,
Division No. 1.

March 28, 1989.

Rehearing Denied April 25, 1989.

Richard A. Bell, Norman, for petitioner.

Bradley D. Avey, Oklahoma City, for respondents.

## MEMORANDUM OPINION

PATRICIA D. MacGUIGAN, Judge:

Petitioner filed a claim for compensation alleging he had suffered permanent injury to the respiratory system as a result of sustaining an occupational injury. The matter was submitted in January, 1988 to the trial court which found that Petitioner suffered an occupational disease consisting of injury to the lungs due to inhalation of particular substances during the course of his employment; that Petitioner's last exposure to this hazard was in August, 1984; and that Petitioner sustained no permanent partial disability to the respiratory system. Petitioner perfects this appeal.

Petitioner contends that the trial court's order is not supported by competent evidence. Specifically, Petitioner argues that two of the three examining physicians' narrative medical reports—concluding Petitioner sustained no permanent partial disability—failed to comply with the requirements of 85 O.S.1985 Supp. § 3(13) and Rule 20, Rules of the Workers' Compensation Court, 85 O.S.1981, Ch. 4, App. (Rule

20), in that the Respondent's examining physicians did not state that their evaluations were in substantial compliance with the AMA *Guides for Evaluation of Permanent Impairment* (the *Guides*), citing *Special Indemnity Fund v. Stockton*, 653 P.2d 194 (Okl.1982).

We find Petitioner's reliance on *Stockton* misplaced. That case dealt with medical reports which were, in the Court's words, "grossly deficient and in substantial disaccord with the applicable statutes", as they failed to include, inter alia, description of injury, complaints, findings on examination, findings pursuant to diagnostic tests, or a statement of compliance with the *Guides*. That Court found it impossible to ascertain whether the examining physicians were even aware compliance was required. 653 P.2d at 200. Under those circumstances, the Court in *Stockton* held that mere medical opinion relative to the percentage of disability contained in medical reports was not competent and, thus, insufficient to sustain an award based thereon.

In the instant case, the medical reports to which Petitioner objects contain relevant history, description of injury and complaints, description of examinations and tests with attendant findings including spirometry, lung volumes, and diffusing capacity, cause of injury, treatment and rehabilitative procedures, evaluations of extent of permanent impairment, and notarized declarations regarding the truth of all statements. Although Rule 20(3)(i) requires a statement of any other detailed factors upon which an evaluation of permanent impairment is based, including a statement that the evaluation is in substantial accordance with the *Guides*, we find that failure to include such a statement of "substantial accordance" in this case does not render the medical reports in question insufficient for two reasons.

First, Rule 20 mandates that the *Guides* be the basis for testimony and conclusions concerning permanent impairment. *Goodrich v. Hilton*, 634 P.2d 1308, 1310 (Okl. 1981). This insures a reasonable degree of accuracy and uniformity among medical reports and provides the court with enough

scientific information upon which to make an intelligent decision. *Stockton*, 653 P.2d at 200. This mandate is satisfied if the medical report tendered is in substantial compliance with the applicable statutes. *Stockton*, 653 P.2d at 200; *Perlinger v. J.C. Rogers Construction Co.*, 753 P.2d 905 (Okl.1988); *Labarge v. Zebco*, 769 P.2d 125 (Okl.1988).

Our review of the record in the instant case reveals that of the ten areas required by Rule 20 to be addressed, the medical reports in question substantially complied with nine and one-half, including the examinations and diagnostic procedures used and the findings based thereon. The exception to strict compliance with Rule 20(3)(i) was the failure to include a statement of compliance. As the necessity for compliance is to provide the court with an accurate and scientific report, we hold that such omission does not render these medical reports incompetent for failure to substantially comply with Rule 20.

Second, Rule 20(3)(i) specifically requires the statement of substantial compliance with the *Guides* to be in reference to those and other detailed factors upon which an evaluation of permanent impairment is based. In the instant case, both medical reports in question reached medically documented conclusions that no permanent impairment existed. Thus, it is reasonable to infer that the directive to state "detailed factors upon which the physicians' evaluation of permanent impairment" was based was thought irrelevant. It is not inconceivable to conclude that as no permanent impairment was found to be evaluated, a statement of factors supporting an evaluation of such impairment—which included a statement of compliance with the *Guides*—was unnecessary.

Under the circumstances of this case, we find that the medical reports to which Petitioner objects are not incompetent. On review of an Order from the Workers' Compensation Court, the appellate courts do not weigh the evidence, but only search the record to determine if the order is supported by any competent evidence. *Parks v. Norman Municipal Hos-*

*pital,* 684 P.2d 548 (Okl.1984). The weight and probative value of medical evidence is for the determination of the trial court, which may accept or reject such evidence in whole or in part. See, e.g., *City of Nichols Hills v. Hill,* 534 P.2d 931 (Okl.1976); *Burns v. Yuba Heat Transfer Corp.,* 615 P.2d 1029 (Okl.1980). In this case, Respondent's physicians found Petitioner suffered no permanent impairment. On review, we may not substitute our judgment for that of the trial court.

SUSTAINED.

REYNOLDS, J., concurs.

HANSEN, J., dissents.