Jack G. Zurawik, Tulsa, for petitioner.

Jerry Holland, Tulsa, for respondents.

---

**Larry D. SPANGLER, Petitioner,**

v.

**LEASE–WAY AUTOMOTIVE TRANS- PORTATION and Workers' Compensation Court, Respondents.**

**No. 72117.**

Court of Appeals of Oklahoma, Division No. 3.

June 13, 1989.

Rehearing Denied Aug. 3, 1989.

Concurring Opinion June 13, 1989.

Dissenting Opinion June 13, 1989.

**MEMORANDUM OPINION**

REYNOLDS, Judge:

Larry D. Spangler (Employee) filed a claim in the Workers' Compensation Court claiming injuries to his back that occurred during his employment with Lease–Way Automotive Transport (Employer). After stipulations by the parties, the only question before the trial court was the nature and extent of the injuries.

Employee's medical expert found twenty-three per cent (23%) disability. Employer's medical expert found zero per cent (0%) disability. The employee made an objection at trial to the admission of Employer's medical evidence in accordance with Rule 21, 85 O.S.1987 Supp. Ch. 4, App. The trial court rated the permanent partial disability at ten per cent (10%).

Employee appeals that decision, stating that Employer's medical evidence is incompetent as it does not comply with 85 O.S. Supp.1987 Ch. 4, App.Rule 20.

We find this assertion to be correct and the instant case to be controlled by *La-*

*Barge v. Zebco,* 769 P.2d 125 (Okla.1988). See also *Whitener v. South Central Solid Waste,* 773 P.2d 1248 (Okla.1989).

In the instant case, Employer's medical expert submits three letters of various dates. Only the last two of these are verified, and these two are not complete reports, merely brief updates.

As the Supreme Court said in *LaBarge,*

"The unverified discharge summary and the three letters cannot be welded into a medical report which is in compliance with Rule 20. Only one of the letters can be considered as the medical report, because Rule 20 requires a report to be signed by the physician and contain a verification statement. The signed letter is facially flawed and fails to comply with Rule 20, ..."

The Supreme Court proceeds to list the deficiencies of the report by comparing it with Rule 20(a-i). The *LaBarge* case is directly analogous.

As Employer's medical evidence is incompetent, it may not be considered by the trial court. *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okl.1984). The only competent evidence finds a 23% disability to the body.

The order of the Workers' Compensation Court is VACATED with instructions to enter an award for 23% permanent partial disability to the body.

BAILEY, C.J., concurs with separate opinion.

GARRETT, P.J., dissents with separate opinion.

BAILEY, Chief Judge, concurring:

While I concur with Judge Reynold's opinion in the above matter, I write in response to Judge Garrett's Dissenting Opinion.

In the present case, Petitioner introduced medical evidence rating his disability at twenty-three percent (23%). Respondent introduced medical evidence showing zero percent (0%) disability. Petitioner objected at trial to the admission of Respondent's medical reports as to competency and probative value for lack of compliance with Rule 20, Rules of the Worker's Compensation Court, 85 O.S.Supp.1987, Ch. 4, App., and the AMA *Guides for Evaluation of Permanent Impairment* (hereinafter AMA *Guides.*) In this review proceeding, Petitioner again asserts that Respondent's medical evidence is incompetent under the *Guides* and Rule 20.

Both parties to this action agree that a medical report made without substantial compliance with Rule 20 and the AMA *Guides* is not competent. See, 85 O.S.1985 Supp. § 3(11); *LaBarge v. Zebco,* 769 P.2d 125 (Okl.1988); *Perlinger v. J.C. Rogers Const. Co.,* 753 P.2d 905 (Okl.1988); *Special Indemnity Fund v. Stockton,* 653 P.2d 194 (Okl.1982); *Goodrich v. Hilton,* 634 P.2d 1308 (Okl.1981). In that regard, I find Justice Opala's test for deviation from the AMA *Guides* applicable by analogy to this case of alleged deviation under Rules 20: "[The] test for determining whether the standards are followed when clearly applicable is whether, from the medical report's four corners, an unexplained, *facially apparent* and substantial deviation from [Rule 20 or] the Guides can be detected from mere reference to their text." *Whitener v. South Central Solid Waste Authority,* 773 P.2d 1248, 1251 (Okl.1989) (Emphasis original).

I further find Justice Opala's opinion in *Whitener,* supra, instructive as to the effect of a ten-day written objection under Rule 20. In *Whitener,* claimant filed a written objection within ten days of receipt of employer's medical evidence under Rule 20, thereby "trigger[ing] a procedure for deposing the [opponent's] medical expert." 773 P.2d 1248, 1250, 60 O.B.A.J. 1011, 1013, footnote 5. I view this explanation of Rule 20 as limiting the effect of a ten-day written objection as going to objections to the medical evidence offered by verified report *based on hearsay grounds only.*

Thus, and as I read Rules 20 and 21 *in pari materia,* a ten-day objection under Rule 20 attacks *only* the hearsay nature of a doctor's verified report. An at-trial objection under Rule 21 attacks the verified report's *competency, and hence, admissibility,* based on a report's incomplete histo-

ry of the patient, the report's lack probative value, the report's *lack of compliance with the requisites of the Oklahoma Worker's Compensation Act, and also, lack of compliance with Rule 20.* 85 O.S. 1981 § 3(11) (adherence to AMA *Guides* mandated); *Whitener,* 773 P.2d 1248, 1249, 1250, 60 O.B.A.J. 1011, 1013, footnotes 1, 6; Rule 21, Rules of the Workers' Compensation Court, supra. This construction, I believe, is also the construction now accorded Rule 20 by the Workers' Compensation Court and practicing bar.

Justice Opala's commentary in the footnotes to *Whitener* is also instructive as to objections and preservation of error in the Trial Court's rulings excluding or admitting evidence.

In compensation practice, an *objection* to the 'competency' of a medical report is directed to the exhibit's *admissibility* on hearsay or other legal grounds. Another type of 'objection' known to that practice addresses itself to the *probative value* of a physician's ... report. The latter procedural device is used to *challenge* the expert opinion for insufficiency as legal proof of (a) medical findings with respect to the presence or absence of compensable disability, or of (b) the compensable impairment's rating. The real issue raised by the challenge to the exhibit's probative effect is whether the evidence—*once admitted*—is *probative* of the elements it seeks to establish, or, to use simpler parlance, whether it tends to to prove that which it was adduced to show. In sum, a true *objection* resists only the exhibit's legal *admissibility,* while a challenge for lack of probative value—the approximate counterpart of a district-court demurrer to the evidence— tests the legal sufficiency of targeted written proof to establish the evidentiary elements for which it was adduced.

*Whitener,* 773 P.2d 1248, 1249, 60 O.B.A.J. 1011, 1013, footnote 1. (Emphasis original).

Under this view, I believe that Petitioner's at-trial objections to Respondent's medical evidence were timely and proper to

preserve any error in the Trial Court's rulings regarding both "competency" (and hence, admissibility of the challenged reports for lack of compliance with the *Guides* and Rule 20,) *and* probative value. In the present case, the challenged medical evidence consists of three letters, two of which are verified, but none of which approach compliance with the requisites of Rule 20(a-i). That is to say that, from an examination of Rule 20 and the medical evidence's four corners, "an unexplained, *facially apparent* and substantial deviation from [Rule 20 or] the Guides can be detected from mere reference to their text." *Whitener,* 773 P.2d 1248, 1251, 60 O.B.A.J. 1011, 1012. In that regard, I agree with the opinion of Judge Reynolds and find the case and quoted language of *LeBarge v. Zebco,* supra, determinative of this action.

I therefore CONCUR.

GARRETT, Presiding Judge, dissenting.

The majority opinion requires a respondent in a proceeding before the Workers' Compensation Court to comply with that court's rules;[1] and, at the same time, permits the claimant to violate the same rules. In my view they should be treated equally.

Claimant alleged an injury to his back that occurred during his employment with Respondent. Claimant's medical expert found 23% disability. Respondent's medical expert found .0% disability. The trial court entered an order for 10% disability.

Claimant (Petitioner in this Court) appeals and contends that Respondent's medical evidence was incompetent and should not have been admitted in evidence in the trial court. Then Claimant prays that this Court make him the beneficiary of the "jackpot rule" and order the court below to award him 23% disability in accordance with the "only competent evidence."

Respondent contends: (1) Its medical evidence was competent, and (2) Claimant waived any objection to the competency of Respondent's medical reports. One of my

---

1. 85 O.S.Supp.1987, Ch. 4, App. Rules 20 and 21.

problems with the majority opinion is that it ignores the waiver contention. Respondent is entitled to the ruling of this Court on this proposition. Whether the trial court committed reversible error in admitting in evidence the Respondent's medical reports is the decisive issue herein.

Claimant failed to make any objection, oral or written, to the medical report of Respondent's medical expert within ten days after receiving copies thereof, as is required by Rule 20. No objection of any kind was made before trial by Claimant. At the trial, Claimant objected to these medical reports allegedly in accordance with Rule 21. Because it is contended that the parties rely on "bits and pieces" of these rules, they are set forth, in full, as follows:

Rule 20. Medical Evidence and Affidavits

Expert medical or rehabilitation testimony may be offered by:

(1) A verified or declared report,

(2) Deposition, or

(3) Oral examination in open court.

The Court, taking into consideration that it is costly and time-consuming to have physicians actually appear at the time of trial for the purpose of giving live testimony, encourages the production of medical evidence by verified or declared report which shall contain the following, where applicable:

(a) A complete history of the claimant, including all previous relevant or contributory injuries with a detailed description of the present injury.

(b) The complaints of the claimant.

(c) The physician's findings on examination, including a description of the examination and any diagnostic tests and x-rays.

(d) The date and cause of the alleged injury and whether, in the physician's opinion, it is job-related.

(e) The medical treatment which has already been rendered and the treatment, if any, which the physician recommends for the future.

(f) The physical rehabilitative procedures which have already been rendered and the rehabilitative procedures, if any, which the physician recommends for the future.

(g) The period during which the claimant was temporarily and totally disabled. If the claimant remains temporarily and totally disabled, the physician should so indicate. If temporary total disability has already terminated, the date of termination must be indicated.

(h) The physician's evaluation of the extent of any impairment with a clear indication as to whether it is temporary or permanent in nature. (In the event the injury occurred before July 1, 1978, the physician shall give an evaluation of the extent of the claimant's disability based on the claimant's capacity to perform ordinary manual mechanical labor.)

(i) Any other detailed factors upon which the physician's evaluation of permanent impairment is based, including a statement that the evaluation is in substantial accordance with the latest "Guides to the Evaluation of Permanent Impairment" adopted and published by the American Medical Association which were in effect when the examination was made. 85 O.S.Supp.1986 § 3(11).

(j) The report itself must be signed by the physician and be verified or contain a written declaration, made under the penalty of perjury, that the report is true. The following form of declaration is suggested: "I declare under penalty of perjury that I have examined this report and all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete."

Medical reports concerning only the liability of the Special Indemnity Fund must comply only with parts (a), (b), (c), and (j) of the foregoing paragraph.

Within ten (10) days of receiving a copy of the other party's verified or declared report, a party-recipient shall advise the Court in writing if there is an objection to the admission of the verified or declared report in evidence. A copy of the objection shall be mailed to all parties of record in the claim. Unless the Court and the other parties are time-

ly notified of the objection, the party-recipient of the verified or declared report shall be deemed to have waived the right to object and the verified or declared report shall be admitted into evidence at the trial. When a timely objection is received, the party intending to offer the verified or declared report shall, within a reasonable time, arrange for the taking of the physician's deposition.

Rule 21. Objections to Evidence

An objection to testimony offered by oral examination in open court must be made at the time the testimony is sought to be elicited.

An objection to testimony offered by deposition must be interposed at the time the deposition is offered or at the deposition hearing.

An objection to medical testimony offered by verified or declared report, if on the grounds that (1) it is based on inaccurate or incomplete history or is otherwise without probative value, or (2) it does not properly evaluate claimant's impairment or disability, as the case may be, in accordance with the Workers' Compensation Act, must be interposed at the same time it is offered into evidence.

Unless an objection is timely made, it shall be waived. Any legally inadmissible evidence that stands admitted without objection shall be regarded as admitted as part of the proof in the case.

Rule 20 authorizes medical evidence to be in the form of a written report. The rule also establishes numerous requirements which apply to the form and content of the report. Rule 20 grants the *unqualified* right to object to the report being used in evidence. Such objection is required to be in writing and to be filed within 10 days. The consequence of failure to so object is plainly set forth with no qualifications. The Rule provides that a party who fails to object, as required by Rule 20, "shall be deemed to have waived the right to object" and then Rule 20 expressly provides that the report "shall be admitted into evidence at the trial." Failure to renew the objection at the trial re-

sults in it being abandoned. *Whitener v. South Central Solid Waste Authority*, 773 P.2d 1248 (1989).[2]

The majority opinion holds, in effect, that the "10–day objection requirement" in Rule 20 is limited to objections based on "hearsay" or the right to "cross-examine". In my opinion this constitutes "judicial legislation". At the very least the majority opinion constitutes a re-writing of Rule 20. A simple, casual reading of Rule 20 reveals that the words "hearsay" and "cross-examine" do not appear in the Rule. I decline to participate in arrogating to this Court the power or right to adopt or re-write rules of practice for use in the Workers' Compensation Court.

*Whitener* holds, in effect, (1) Failure to object as required by Rule 20 constitutes a waiver of the right to object to the written medical report on the ground of competency; (2) to preserve a competency objection to a written medical report the adverse party must file a written objection pursuant to Rule 20 and also, at trial, make the objection required by Rule 21.

The rule followed by the *Whitener* court is necessary to preserve the element of fairness and natural justice. To hold otherwise is to allow the adverse party to "Lay behind the Log" and, in effect, to trap the other party into an unjust result. When a party presents a written medical report (even if it be defective under Rule 20) and the adverse party fails to object in writing in accordance with the rule, then the one presenting the report has, and should have, full right to believe a deposition is unnecessary and that he may go to trial knowing his medical report will be admitted into evidence and that it will be given such consideration as the court deems proper.

I find the medical report offered by Respondent to have been properly admitted in evidence because a Rule 20 "10–day objection" was not made. Such report was defective but does not lack probative value. Therefore the order of the trial court is supported by admissible evidence, and the question of "competence" of Respondent's medical report is not before this Court to

2. Not yet mandated. Pending on rehearing.

decide. Claimant waived the right to object to that evidence. The order of the trial court should be sustained. *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okl.1984).

As aforesaid, the majority opinion herein requires Respondent to comply with Rule 20, but allows Claimant to violate the rule. This violates basic fairness and natural justice, and denies the constitutional right to equal protection of laws. Both parties should be required (and allowed) to work under the same rules.

I respectfully dissent.