**Donald W. VERNON, Claimant,**

v.

**SEVEN–ELEVEN STORES, Respondent,**
**and**
**Iowa Mutual Insurance Company,**
**Insurance Carrier.**

**No. 47904.**

Supreme Court of Oklahoma.

March 23, 1976.

David W. Kisner, Oklahoma City, for claimant.

H. A. Bud Carter, Oklahoma City, for respondent.

DAVISON, Justice:

Petitioner, hereafter claimant, seeks review of an order denying compensation for accidental injury allegedly sustained in course of covered employment with respondents.

Claim for compensation alleged accidental injury from mental illness induced by claimant's submission to a polygraph test. Respondents denied occurrence of accidental injury arising out of and in course of employment. A trial judge entered an order denying compensation for the reason claimant had not sustained accidental injury as defined by the Act, 85 O.S.1971 § 1 et seq. This order was affirmed by divided (3–2) vote on en banc appeal.

Claimant had managed respondents' store approximately three years, and had undergone several polygraph tests during this time without complaint. Because of merchandise loss, claimant was required to take another test December 7, 1972. There was nothing unusual about the test, or the manner in which given and claimant did not become upset at that time. The following day the supervisor advised claimant had failed the test and this would result in automatic discharge. The nervous condition developed after employment terminated. Claimant became increasingly upset when application for unemployment compensation was rejected and all difficulty admittedly began after job termination. Claimant denied any prior nervous problems and attributed mental and emotional instability to events following the polygraph test.

Psychiatric treatment was administered for ensuing nervous disorders. The treating doctor (Dr. M.P.P.) reported the nervous disorder had been precipitated by the polygraph test and ensuing events and resulted in 50% permanent partial disability. Other medical evidence disclosed surgeries for stomach ulcer and later stomach resection approximately twelve years earlier, indicative of symptomalogy in nervous individuals.

Summarized, claimant's argument for vacation of this order is that an accidental injury is defined in a broad sense by decided cases. *Andrews Mining and Milling Co. v. Atkinson,* 192 Okl. 322, 135 P.2d 960. Thus, any unexpected or unintentional injury from accidental means which damages physical structure of the body and deprives a workman of wage earning capacity should be compensable. Since our decisional law recognizes injury from heart attack, i. e., *Bill Gover Ford Co. v. Roniger,* Okl., 426 P.2d 701 (1967), claimant concludes the same reasoning should be applied to a nervous breakdown, or other injury to the nervous system, and injury precipitated by mental and emotional stress should be declared compensable. Because incapacitated by injury from nervous breakdown, liberal construction to be given the Act requires a finding claimant's disability is compensable.

Claimant recognizes our earlier decisions have declared physical debility resulting entirely from worry or emotional stress concerning physical condition is not considered to constitute a risk reasonably incident to employment. *Ada Coca-Cola Bottling Co. v. Snead,* Okl., 364 P.2d 696 (1961); *In re Loague,* Okl., 450 P.2d 492 (1969). Also acknowledged are other related decisions which recognize compensability of mental illness only where prior physical injury to the body structure has induced post-traumatic neurosis. *Rialto Lead & Zinc Co. v. State Industrial Comm.,* 112 Okl. 101, 240 P. 96, 44 A.L.R. 494, neurosis developed after traumatic lumbar back injury; *Northwestern Refg. Co. v. State Industrial Comm.,* 145 Okl. 72, 291 P. 533, bodily injury occasioned by fright from explosion; *Wade Lahar Const. Co. v. Howell,* Okl., 376 P.2d 221, post-traumatic neurosis following brain concussion and shock; Roniger, supra, heart attack induced by physical and mental strain; *Oklahoma City v. Schoonover,* Okl., 535 P.2d 688 (1975), emotional stress specifically found reasonably incident to employment induced bodily injury by inciting

stomach ulcer, necessitating surgery which resulted in death. The distinction between these decisions and the present case is apparent.

Observably, each decision presented an instance where actual damage to the workman's physical structure resulted from risk incident to the employment. Although acknowledging import of these decisions, claimant argues the real issue is whether there is a relationship between requirements of employment and the factor which precipitates injury. Upon this premise, claimant discusses cases from other jurisdictions, categorized as expressive of the modern and enlightened view, that physical trauma is not prerequisite for award of compensation for psychoneurotic injury. It is unnecessary to discuss or distinguish these cases, particularly since statutory provisions of other jurisdictions do not appear.

The reasoning advanced by claimant may be reviewed in Larson's Workmen's Compensation Law, § 42.23 and numerous cases cited in footnotes from jurisdictions which have adopted a rule of compensability for injury involving mental or emotional distress.

The contrary view is well expressed in *Jacobs v. Goodyear Tire & Rubber Co.,* 196 Kan. 613, 412 P.2d 986 (1966), which recognized compensability of traumatic neurosis which followed physical injury. The court further held, however, that claim for compensation from mental breakdown, allegedly induced by emotional problems engendered by conflicting demands between management and the union concerning claimant's work performance, was not a physical injury. The court expressly declared injury resulting solely from mental stimuli was not a physical injury which arose out of the employment, and no causal connection existed between claimant's condition and the work performed. Also see *Rund v. Cessna Aircraft Company,* 213 Kan. 812, 518 P.2d 518 (1974).

The settled rule is that cause and extent of injury and disability are questions of

**1302**

fact for determination of State Industrial Court, whose findings will not be disturbed by Supreme Court on review where supported by any competent evidence. *Coombi v. Trent*, Okl., 531 P.2d 1363 (1975). Provision of the Act, supra, that compensable injury must arise out of the employment, requires a causal connection between conditions under which the work is to be performed and the resulting accidental injury. *Belscot Family Center v. Sapcut*, Okl., 509 P.2d 905 (1973).

State Industrial Court determined claimant did not sustain injury which arose out of and in course of employment. The alleged injury is not included in the Act which enumerates injuries for which compensation may be awarded.

There was competent evidence to sustain the order of the State Industrial Court.

Order sustained.

All Justices concur.