Earlene TEEL, Petitioner,

v.

TULSA MUNICIPAL EMPLOYEES, Cumis Insurance Society, Inc., and the Workers' Compensation Court, Respondents.

No. 79076.

Supreme Court of Oklahoma.

May 25, 1993.

Rehearing Denied Oct. 12, 1993.

Richard A. Bell, Norman, for petitioner.

Pat A. Padgett, Whitten, Layman and Mackenzie, Tulsa, for respondents.

HARGRAVE, Justice.

We granted certiorari to determine whether mental disability, in order to be compensable under the workers' compensation act, must arise out of an employment-related injury. Earlene Teel (Claimant) worked for respondent (credit union) on January 5, 1990, when the credit union was robbed for the third time. When three masked men entered the credit union, claimant dived under a desk, injuring her lower back. Claimant did not seek medical treatment for her back. In November 1990, claimant filed a Form 3 alleging injury to her back, with psychological overlay. The trial authority found that claimant sustained twelve percent (12%) permanent partial disability to the body as a whole from the injury to the back, and thirty percent (30%) permanent partial disability from psychological overlay. Employer appealed and the three-judge panel vacated that portion of the order granting benefits for psychological overlay for the reason that the psychological overlay did not arise out of nor was a result of claimant's back injury. The Court of Appeals reversed the order of the three judge panel and reinstated the trial authority's order allowing compensation.

Both sides argue that *Fenwick v. Oklahoma State Penitentiary,* 792 P.2d 60 (Okla.1990) is controlling. In *Fenwick,* an employee of the prison was held hostage during a riot. The employee was not physically injured, but experienced severe emotional consequences. In that case we held that disability without any evidence of a physical injury caused by an identifiable event that occurred at a definite time was not compensable. We declined to alter the rule that disability unaccompanied by physical injury is not compensable under the Act. The *Fenwick* case was interpreted by the Court of Appeals in *Oklahoma State*

*Penitentiary v. Weaver,* 809 P.2d 1324 (Okla.App.1991) to mean that where a claimant sustained a psychological injury and a physical injury, both arising from the same event, the psychological injury would be compensable. Certiorari was not sought in that case.

The case at bar presents the same kind of situation as *Weaver.* Here, claimant was found to have injured her back when she dived under a desk. There is no suggestion that the injury to her back caused her emotional problems. The robbery attempt was the source of her psychological problems. Claimant testified as follows:

> Q: "After this incident you have been describing to the Court, how did you react, the next two or three months before you just got to where you couldn't go back to work, when people would come in and that sort of thing?"
>
> A: "I just kept getting worse and worse. The telephone would ring and I would scream, everyone that walked in I was paranoid, I watched the door every time it opened, I just expected to get robbed again."
>
> Transcript, p. 25.

Claimant argues that *Fenwick* requires only that the psychological injury be *accompanied by* physical injury. We granted certiorari to clarify this issue. We today hold that the psychological injury must result from or arise out of the physical employment-related injury in order to be compensable, and overrule *Weaver, supra,* insofar as it holds otherwise.[1]

We previously held, in *Wade Lahar Construction Co. v. Howell,* 376 P.2d 221 (Okla.1962), that where employee engaged in excavation work received a head injury and subsequently began to exhibit definite personality changes attributable to the head trauma recovery could be had. At the hearing upon the claim, all the physicians agreed that there was no objective evidence of neurologic damage to the brain or to the central nervous system; residual

disability lay in the "psychiatric realm". At least two physicians described the condition as post-traumatic neurosis. We said that disability from a psychiatric condition *produced by* an accidental injury is compensable in the same manner as any other impairment of the body, citing *Rialto Lead & Zinc Co. v. State Industrial Commission,* 112 Okl. 101, 240 P. 96, 44 A.L.R. 494 (1925); *Seismograph Service Corp. v. Cosby,* 317 P.2d 215 (Okla.1957); and *Woodward & Co. v. State Industrial Commission,* 349 P.2d 638 (Okla.1960). See also, *L.E. Jones Drilling Co. v. Harris,* 403 P.2d 497 (Okla.1965). In *L.E. Jones,* the claimant had suffered a concussion and the evidence indicated that organic healing had occurred but tension symptoms persisted such as frontal headaches and quivering and soreness of the eyes.

In *Rialto Lead & Zinc Co., supra,* the employee was injured and fully recovered from the injury except for neuralgic problems which were a result of the injury. One doctor testified that the management of the case would be psychic because there were no other demonstrable lesions to the body and that the neurasthenic elements were predominant. Claimant was not suffering at that time with physical disability, but had neurasthenia that had its origin in the accidental injury. It was argued that this court had never passed on the question of whether a neurotic whose trouble has its origin in an accidental injury is entitled to compensation. We said 240 P. at p. 98:

> "We do not hesitate to say that when a mental condition comprehended under the term of 'neurasthenia' is shown by competent evidence to exist as a direct result of a physical injury sustained by an employee, arising out of and in the course of his employment, and which condition deprives the employee of working in his former occupation, the same would be compensable under the Workmen's Compensation Act of this state."

---

1. We note that 85 O.S. Supp.1992 § 3, subd. 7(c):

   "'Injury' or 'personal injury' shall not include mental injury that is unaccompanied by physi-

cal injury," was enacted effective September 1, 1992, and does not apply in this case.

"It is well settled by a long line of English decisions ... that, where neurasthenia intervenes after an accident and produces incapacity to entitle the workman to compensation as for an accidental injury, *the preceding injury must be shown to be the proximate cause of the neurasthenic condition.* (citations omitted)."

We find that the mental condition must arise out of the accidental, work-related injury in order to be compensable.

**THE OPINION OF THE COURT OF APPEALS IS VACATED, AND THE ORDER OF THE THREE JUDGE PANEL IS SUSTAINED.**

HODGES, C.J., LAVENDER, V.C.J., SIMMS and SUMMERS, JJ., concur.

KAUGER, J., concurs in part, dissents in part.

OPALA, ALMA WILSON and WATT, JJ., dissent.