PARK TERRACE and Legion Insurance Co., Petitioners,

v.

Karen Denise RASKA and the Workers' Compensation Court, Respondents.

No. 83795.

Court of Appeals of Oklahoma, Division No. 3.

Nov. 15, 1994.

---

17. *Flanders v. Crane,* 693 P.2d 602 (Okl.1984).

18. *MBA Commercial Construction v. Roy J. Hannaford Co., Inc.,* 818 P.2d 469 (Okl.1991).

Michael W. McGivern and David P. Reid, Rhodes, Hieronymous, Jones, Tucker & Gable, Tulsa, for petitioners.

Gerard K. Donovan, Herb Elias & Associates, P.C., Tulsa, for respondents.

## OPINION

ADAMS, Judge:

Employer Park Terrace seeks review of an order of a three-judge panel of the Workers' Compensation Court which affirmed a trial court order which awarded temporary total disability benefits to Claimant Karen Raska. The trial court also ordered Employer to provided medical treatment. Both of these awards were based on the finding that Raska had sustained an injury arising out of and in the course of her employment to her right hand with a resulting psychological overlay. Employer argues that under *Teel v. Tulsa Municipal Employees*, 859 P.2d 1079 (Okla. 1993), Raska's claim for benefits due to a psychological overlay is not compensable under Oklahoma Workers' Compensation law. On this record, we agree. The order awarding benefits, to the extent attributable to a psychological overlay from post-traumatic stress disorder and not to the injury to Raska's right hand, must be vacated.

Raska was director of nursing at Employer's convalescent facility on April 8, 1993, when a male employee took exception to a work assignment and verbally and physically abused her. The male employee twice knocked a telephone from her hand when Raska tried to call 911 for help, and she subsequently sought treatment for a tendonitis injury to her right hand from the assault. Her right hand has been treated by splinting, but she continues to complain of tingling and numbness, in addition to various emotional problems connected with the assault. The portion of the order awarding temporary total disability benefits can only be supported by medical evidence if the psychological overlay is considered compensable.

Although all of the medical evidence favorable to Raska attributed her claimed psychological overlay to the assault which caused her hand injury, none of that medical evidence attributed her psychological problems to the hand injury itself. Raska contends that her psychological overlay is compensable because it was caused by the same incident which caused her physical injury.

*Teel* rejected a similar argument. Ms. Teel had suffered an injury to her back when she dived under a desk during a robbery at the credit union where she worked. Noting that "[t]here is no suggestion that the injury to her back caused her emotional problems," the Court concluded her psychological injuries were not compensable and held "that the psychological injury must result from or arise out of the physical employment-related injury in order to be compensable." *Teel*, 859 P.2d at 1080. The Court specifically overruled *Oklahoma State Penitentiary v. Weaver*, 809 P.2d 1324 (Okla.App.1991), which held that a psychological injury was compensable so long as it was "accompanied" by a physical injury.

We are not unmindful that Raska's injury occurred after the adoption of 85 O.S.Supp. 1992 § 3(7)(c), which excluded from the definition of "injury" or "personal injury" a "mental injury that is *unaccompanied* by physical injury." (Emphasis added). The *Teel* Court apparently recognized that the Legislature's choice of language for the amended statute might be inconsistent with its holding because the Court took special note that the amendment became effective after Ms. Teel's injury and did not apply in that case.

However, we are not free to conclude that the Legislature intended by the 1992 amendment to allow recovery for psychological injuries such as Raska's which would be excluded by *Teel's* holding. In *Osborne v. City of Oklahoma City*, 882 P.2d 75 (Okla.1994), the Court concluded that the amendment merely codified Oklahoma's longstanding rule.

Because the record contains no competent evidence that Raska's psychological injury resulted from or arose out of her employment-related physical injury, we cannot say the trial court's order awarding benefits attributable to that psychological injury is sup-

ported by competent evidence. However, there is competent evidence to support the trial court's conclusion that she suffered a work-related injury to her right hand. The order of the Workers' Compensation Court is vacated, and the case is remanded for entry of an order awarding benefits attributable only to the physical injury to Raska's right hand.

VACATED AND REMANDED WITH INSTRUCTIONS.

GARRETT, V.C.J., and HUNTER, J., concur.