Terry **KELLEY, Petitioner/Counter–Respondent,**

v.

**WASTE MANAGEMENT COMPANY, CNA Insurance Company and The Workers' Compensation Court, Respondents/Counter–Petitioners.**

Nos. 85757, 85755.

Court of Appeals of Oklahoma, Division No. 3.

Nov. 21, 1995.

John S. Oldfield, Jr., Oklahoma City, for Petitioner/Counter–Respondent.

Arlen E. Fielden, Oklahoma City, for Respondents/Counter–Petitioners.

## OPINION

HANSEN, Judge:

Petitioner, Terry Kelley (Claimant), seeks review of a Workers' Compensation Court order finding there was no psychological overlay to injuries he sustained as the result of injury to his nose and chest. Counter–Petitioners, Waste Management Company and CNA Insurance (collectively Employer) seek review of the same order, alleging the Workers' Compensation Court three judge panel erred by incompletely modifying the trial court's order.

Claimant, who was injured in an accident on April 28, 1994, while driving one of Employer's trucks, sought compensation for injuries to his upper and lower back, nose, legs, arms and head, with psychological overlay. At trial, Claimant asked for temporary

total disability compensation and continuing medical treatment, both physical and psychiatric. Employer admitted only injury to Claimant's nose and denied temporary disability after July 5, 1994, the last date on which Employer paid benefits.

The trial court found Claimant sustained injuries to his nose and chest, with psychological overlay, arising out of and in the course of his employment. The trial court further found Claimant had been and continued to be temporarily totally disabled, and also directed Employer to "furnish claimant with necessary medical treatment, care and, attention WITH DR. SMITH".[1] (Emphasis in original).

Employer appealed to a three judge panel of the Workers' Compensation Court, arguing "the evidence shows that any psychological overlay or other mental problem suffered by Claimant resulted not from his physical injuries, but from the fact that he was involved in a truck accident which was similar to a prior accident in which he was involved that resulted in the death of his co-driver and friend". Employer asserted any psychological injury thus did not arise out of and in the course of Claimant's employment.

The three judge panel agreed and modified the trial court's order by substituting a finding Claimant did *not* sustain psychological overlay from his physical injuries, citing *Teel v. Tulsa Memorial (sic) Employees*, 859 P.2d 1079 (Okla.1993), with the remainder of the trial court's order to remain in full force and effect. Both Claimant and Employer now ask this Court to review the Workers' Compensation Court order.

■ Claimant contends this Court may review the record *de novo* because whether his psychological injuries arose out of the physical injuries suffered in his employment related accident is a jurisdictional question. We disagree. The parties stipulated the accident in which Claimant was injured was employment related. Whether the psychological injuries arose out of and in the course of Claimant's employment presents issues of fact, and the Workers' Compensation Court

---

1. Dr. Smith is Claimant's treating psychiatrist.

finding on that question is binding on this Court if supported by competent evidence. *Protein Technologies International/Ralston Purina v. Hammock*, 876 P.2d 728 (Okla. App.1994).

■ Claimant next contends the Workers' Compensation Court erred in finding no psychological overlay to the physical injuries he sustained in his employment related accident. Again, we find no merit in this contention. In *Teel v. Tulsa Municipal Employees*, 859 P.2d at 1080, the Supreme Court held that "psychological injury must result from or arise out of the physical employment-related injury in order to be compensable". The *Teel* Court found it was not sufficient that the psychological injury be *accompanied* by physical injury.

We find the Supreme Court's holding in *Teel* still to be effective precedent, notwithstanding the 1992 amendment to 85 O.S.1991 § 3(7),[2] which dictated that:

"Injury" or "personal injury" shall not include mental injury that is unaccompanied by physical injury;

85 O.S.Supp.1992 § 3(7)(c).

■ In *Osborne v. City of Oklahoma City Police Department*, 882 P.2d 75 (Okla.1994), the Supreme Court found the intent of this amendment was to codify the rule, as reaffirmed in *Teel*, that the mental condition must arise out of the accidental, work-related injury in order to be compensable. *Also see, Park Terrace v. Raska*, 887 P.2d 344 (Okla. App.1994). We are bound by the Supreme Court's interpretation of the Legislature's intent in enacting § 3(7)(c).

There is competent evidence of record to support the Workers' Compensation Court's determination Claimant did not sustain psychological overlay from his physical injuries. Employer's medical expert. Dr. M., testified by report that Claimant was unable to return to work because he found the idea of driving the type of truck in which he was injured very frightening. Dr. M. diagnosed Claimant with post traumatic stress disorder and severe major depression and opined Claimant was psychiatrically temporarily totally impaired.

However, while Dr. M. further opined Claimant's psychiatric problems were causally related to his accident on April 28, 1994, he found those problems were *not* causally related to Claimant's physical injuries. Dr. M. found "[i]t is of significance that in 1987, [Claimant] was involved in a truck accident in which the driver of the truck died". He noted Claimant cried during the evaluation when Claimant spoke about the previous accident, and that it appeared the most recent accident triggered memories of the 1987 accident, with accompanying feelings of guilt. In summary, the evidence, although conflicting, supports the finding Claimant's psychological problems were caused by the accident, not by the injuries received in the accident. Therefore, the psychological injuries did not arise out of Claimant's injuries to his nose and chest, and were not compensable.

■ Employer, as Counter–Petitioner, contends the three judge panel erred in failing "to complete its modification of the trial court's order regarding treatment for psychological problems". The three judge panel vacated that portion of the trial court's order finding Claimant sustained injuries to his nose and chest, with psychological overlay, and substituted its own findings that Claimant sustained injuries to his nose and chest arising out of and in the course of his employment, but that Claimant did not sustain psychological overlay.

The three judge panel, however, left intact the trial court's findings that Claimant was still temporarily totally disabled and in need of further medical treatment, and ordered Employer to pay compensation and furnish Claimant with medical care, particularly with Dr. Smith. Employer asserts the evidence only supports findings that Claimant's temporary total disability and need for additional medical treatment are in regard to his psychological problems, which have been found to be non-compensable. Employer argues it logically follows the three judge panel should have also vacated those findings which flow from the threshold finding of a compensable injury. We agree.

2. Laws 1992, c. 294, § 2, eff. Sep. 1, 1992.

Claimant was released to work on July 5, 1994, by both Dr. W., who treated Claimant for his nose injury, and another treating physician, Dr. D., who noted Claimant, however, still suffered from post-traumatic stress disorder and was under the care of a psychiatrist for that problem. The psychiatrist referred to by Dr. D. was Dr. Smith, the same physician who the trial court specifically included in its order.

Dr. Smith opined Claimant was permanently and totally disabled for the position he was occupying as a truck driver because of severe post-traumatic stress syndrome, with symptoms of persistent anxiety, escalating to panic attacks when he is driving. Neither Dr. Smith, nor any other medical expert of record, offered a legally sufficient opinion that Claimant suffered a compensable *physical* disability.

Dr. Smith noted Claimant had unspecified injuries to his musculoskeletal system for which he was still receiving treatment as of October 13, 1994, but Dr. Smith attributed no disability to those injuries. Disability from such injuries are of a character as to require medical expert testimony to determine cause and extent, and in the absence of such expert testimony, the evidence is insufficient to sustain an award of Workers' Compensation benefits. *Special Indemnity Fund v. Stockton,* 653 P.2d 194 (Okla. 1982).

Additionally, although Claimant testified he had continuing problems with his left leg, there was not only an absence of expert testimony in that regard, but the Workers' Compensation Court made no findings that Claimant had injured his left leg in an employment related accident. Claimant did not appeal from the Workers' Compensation Court finding his physical injuries were limited to his nose and chest. That order is now final and we are without authority to review it.

That portion of the Workers' Compensation Court order finding Claimant did not sustain psychological overlay from his physical injuries is correct in law and in fact and is sustained. Because there is no competent evidence Claimant suffered any *compensable* disabilities, the Workers' Compensation

Court erred in ordering temporary total disability compensation, payment of medical care and payment of attorney fees, and those portions of the order are vacated.

SUSTAINED IN PART AND VACATED IN PART.

HUNTER, P.J., and ADAMS, J., concur.